D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

MARC JOHN RANDAZA (*pro hac vice* pending)
General Counsel
Liberty Media Holdings, LLC
302 Washington Street, Suite 321
San Diego, California 92103
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
marc@corbinfisher.com

Attorneys for Plaintiffs

E-filing

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IO GROUP, INC., a California corporation,
CHANNEL ONE RELEASING, Inc., a
California corporation and LIBERTY
MEDIA HOLDINGS, LLC., a California
corporation,

Plaintiffs,

vs.

GLBT, Ltd., a British limited company,
MASH and NEW, Ltd., a British limited
company, PORT 80, Ltd., a company of
unknown origin or structure, STEVEN
JOHN COMPTON, an individual living in
the United Kingdom, and DAVID
GRAHAM COMPTON, an individual
living in the United Kingdom.

Defendants.

CASE NO.:

CV 10 1282

COMPLAINT:

(1) **COPYRIGHT INFRINGEMENT**
(reproduction, distribution, public
performance, public display);
(2) **CONTRIBUTORY COPYRIGHT**
**INFRINGEMENT (Including**
**Inducement);**
(3) **VICARIOUS COPYRIGHT**
**INFRINGEMENT;**
(4) **TRADEMARK INFRINGEMENT**
(False Designation of Origin);
(5) **MISAPPROPRIATION OF RIGHT**
**OF PUBLICITY (Common Law and**
Cal. Civ. Pro. § 3344);
(6) **UNFAIR BUSINESS PRACTICES**
(Cal. B&P Code §17200);
(7) **ALTER EGO; and**
(8) **AN ACCOUNTING**

**JURY TRIAL DEMANDED**

-1-

1

2

## INTRODUCTION

3

4

1.    Advances in technology have always driven changes to the manner in which people

5   distribute and consume information and entertainment. Largely due to the development and wide-

6   spread adoption of the Internet, this is truer today than ever. Unfortunately, the Internet has also

7   created new ways to circumvent the intellectual property rights of artists, writers, musicians, film

8   makers and other creative individuals.

9

10   2.    Wide-spread online infringement has dealt a devastating blow to the entertainment

11   industry generally and the adult content industry specifically. Legitimate companies such as

12   plaintiffs devote substantial resources not only to create and distribute their works, but also to

13   comply with federal record keeping and labeling laws[1] and to foster and protect the ongoing health

14   of the industry. Industry outsiders with no investment and no commitment to the long-term

15
16   viability of the industry skim huge amounts of unearned profits with a slash and burn approach,

17   resulting in the shuttering of numerous small businesses. *See, e.g.*, Neal Karlinsy and Arash

18   Ghadishah, *Porn in the Digital Age: Why Pay*, abcnews.go.com, February 11, 2010 (available at

19   http://abcnews.go.com/Nightline/porn-industry-struggles-free-content-piracy/story?id=9795710)

20

21   3.    This is an action by IO GROUP, INC., CHANNEL ONE RELEASING, INC., and

22   LIBERTY MEDIA HOLDINGS, LLC., to recover damages arising from infringement of

23   copyrights in their creative works by defendants GLBT, Ltd., MASH & NEW, Ltd., PORT 80 Ltd,

24   STEVEN JOHN COMPTON and DAVID GRAHAM COMPTON and to enjoin defendants from

25   future infringement. Defendants violated plaintiffs' exclusive right to reproduce, distribute,

26   publically perform and publically display their copyrighted works and also engaged in the acts

27

28

---

[1] See, 18 U.S.C. §2257.

-2-

1  upon which plaintiffs base their other claims. The infringement took place by and through Internet

2  websites defendants own and operate using the domain names gayforit.com, jerkyourtube.com and

3  itsallgay.com.

4

5  ## THE PARTIES

6  4.     IO GROUP, INC. is a California corporation doing business as "Titan Media,"

7  with its principal place of business in San Francisco, California. Titan Media produces, markets,

8  and distributes adult entertainment products, including Internet website content, videos, DVDs,

9  photographs, etc. under the brands, TitanMedia®, TitanMen®, TitanMen Fresh, MSR Videos®

10

11  and ManPlay®.

12  5.     CHANNEL ONE RELEASING, INC. is a California corporation doing business as

13  "Channel One Releasing" with its principal place of business located in Los Angeles, California.

14  Channel One produces, markets, and distributes adult entertainment products, including Internet

15
16  website content, videos, DVDs, photographs, etc. under the brands, All Worlds Video, Catalina

17  Video and Rascal Video.

18  6.     LIBERTY MEDIA HOLDINGS, LLC. is a California corporation doing business

19  as Corbin Fisher® with its principal place of business located in San Diego, California. Liberty

20
21  produces, markets, and distributes adult entertainment products, including Internet website

22  content, videos, photographs, etc.

23  7.     Plaintiffs are informed and believe and based on that belief allege that Defendant

24  GLBT, LIMITED, is a British limited business with its principle place of business in Eastleigh in

25  the United Kingdom.  GLBT has two stockholders, Steven John Compton and David Graham

26
27  Compton, both of whom also serve as the company's only directors.  GLBT, Ltd. does business as

28  and operates a website at gayforit.com.

-3-

8. Plaintiffs are informed and believe and based on that belief allege that Defendant MASH & NEW LIMITED, is a British limited company located in Hampshire, the United Kingdom, with the company number 6581575, which does business as and operates websites at jerkyourtube.com and itsallgay.com.

9. Port 80, Ltd. is a business entity of unknown structure with a mailing address in the small island nation of the Seychelles, off the Eastern Coast of Africa. GLBT, Ltd and Mash & New, Ltd include Port 80, Ltd. in their domain name registration information for the websites jerkyourtube.com, gayforit.com and itsallgay.com.

10. STEVEN JOHN COMPTON, is an individual living in the Untitled Kingdom. He and defendant David Graham Compton are the sole directors and shareholders of Defendant GLBT, Ltd. STEVEN JOHN COMPTON and defendant David Graham Compton are the also sole directors and shareholders of Defendant Mash & New, Ltd.

11. DAVID GRAHAM COMPTON, is an individual living in the Untitled Kingdom. He and defendant Steven John Compton are the sole directors and shareholders of Defendant GLBT, Ltd. DAVID GRAHAM COMPTON and defendant David Graham Compton are also the sole directors and shareholders of Defendant Mash & New, Ltd.

12. Plaintiffs are informed and believe and based on that belief allege that each of the defendants was and is the agent and representative of the other defendants, acting within the purpose and scope of said agency and representation. Plaintiff is further informed and believes and based thereon alleges that each of the defendants authorized and ratified the conduct of each of the other defendants.

-4-

COMPLAINT

1

## JURISDICTION

2

3
4
5
6
7

13.    This is a civil action for injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq.*; trademark infringement (false designation of origin), 15 U.S.C. §1125; misappropriation of the right of publicity under common law and California's Civil Code §3344; and unfair business practices under California's Business and Professions Code §17200, *et seq*.

8
9
10
11

14.    This Court has subject matter jurisdiction over plaintiff's claims for copyright infringement, trademark infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* 15 U.S.C. §1117 *et seq*. and 28 U.S.C. §§ 1331 and 1338(a) and (b).

12
13
14
15
16

15.    This Court has supplemental jurisdiction over plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

17
18
19
20
21
22
23
24
25
26
27

16.    The Court has personal jurisdiction over defendants. Defendants have purposefully availed themselves of the privilege of conducting activities in this forum, thereby invoking the benefits and protections of its laws. Defendants solicit, transact, and are doing business within the State of California. Defendants sell membership subscriptions to California residents. Defendants have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Defendants have infringed and continue to infringe works clearly marked as belonging to plaintiffs, thus defendants acts are expressly aimed against plaintiffs, each of which is a resident of California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over defendants and invocation of personal jurisdiction is reasonable.

28

COMPLAINT

1

## INTRADISTRICT ASSIGNMENT

2

3

17.     Because this action is based in copyright, it may be assigned to any of the three

4

divisions of the District Court for the Northern District of California.

5

## VENUE

6

18.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and (d); and

7

1400(a).

8

9

## FACTS COMMON TO ALL CLAIMS

10

19.     Each of the plaintiffs produces and distributes adult-oriented audiovisual works

11

under some of the most well-known and successful trademarks within the gay erotica industry.

12

Plaintiffs hold among them the registration for thousands of copyrighted works.  Each plaintiff

13

maintains at least one website by and through which individuals may view plaintiffs' copyright

14

15

registered photographic and audiovisual works by purchasing either monthly subscriptions or by

16

paying a "per view" fee (pay-per-view or video-on-demand).    Plaintiffs additionally sell erotic

17

content in DVD format through various wholesale companies for further retail distribution and

18

through third party licensees including mobile phone companies and third party video-on-demand

19

websites.

20

21

20.     Plaintiffs are recognized throughout the adult entertainment industry as being

22

among the top gay erotica production companies.

23

21.     Io Group, Inc. was founded in 1995 and operated out of the garage of the

24

company's founder and chief creative force, who had worked as a professional photographer and

25

26

videographer for many years.  Like many entrepreneurs, he took considerable financial risk to start

27

his company, including mortgaging his home and taking on substantial debt.  Even so, he

28

1    continued working for other producers to pay bills and did not take a salary the first several years

2    of operation. The company did not become profitable for five years.

3
       22.    As the company grew, Io Group remained competitive by staying ahead of
4

5    technological changes. It lead the industry in adopting the DVD format. More, recently, Io Group

6    again took a risk by investing in expensive equipment in order to film, edit and distribute in Blu-

7    Ray format. It is the only gay erotic production company shooting in Blu-Ray. Io Group's

8    investment and attention to quality have earned it numerous industry awards, beginning with an
9
      award for Best Gay Video in its first year in existence (1995). Since then Io Group has won
10

11   awards nearly every year including awards for Best Art Direction, Best Videography, Best

12   Packaging, Best DVD Extras, Best Cinematography and Best Editing.

13
       23.    Channel 1 Releasing, was formed in 1998. The creative force behind Channel One
14

15   is director and drag personality Chi Chi LaRue. Before founding Channel One, Chi Chi LaRue

16   directed and produced feature films for other top tier erotic production companies, gay and straight

17   alike. Channel One, which now owns the rights to the largest gay adult library worldwide, formed

18   from the Rascal Videos' purchase of two long standing companies, All Worlds Video and Catalina

19   Video. Channel One spent millions of dollars acquiring existing works and producing new works

20   in order to build its impressive catalogue. Chi Chi LaRue is recognized as being instrumental in
21
      changing the industry standards such that the majority of gay production companies began
22

23   requiring condoms in connection with the production of gay erotica. The reputation of Channel

24   One and Chi Chi LaRue are further enhanced by their ongoing donations of time and money for

25   HIV/AIDS education and awareness. Like Io Group, Channel One has won numerous awards for
26
      outstanding video production.
27

28

24. Plaintiff Liberty Media also sprang from humble beginnings and thrived through hard work, creativity and innovation. Under the brand name Corbin Fisher®, Liberty revolutionized the gay erotica industry by concentrating on shorter works which could be delivered to customers through the Internet on a regular and frequent basis. Today Corbin Fisher® is one of the most popular brands of gay erotica on the Internet.

25. These businesses grew from hard work, risk, innovation, and creativity. The value of the businesses rests almost entirely in their intellectual property including trademarks, copyrights, and assigned rights of publicity. Plaintiffs' profitability and consequently their ability to survive in a difficult economy lies almost exclusively in their ability to earn revenue from intellectual property. Plaintiffs have invested and continue to invest hundreds of thousands of dollars annually to produce and distribute their intellectual property because the Copyright Act protects their economic incentive to do so.

26. As technology continues to change and improve, the types and amounts of entertainment individuals can enjoy increases. Recent technological developments have resulted in individuals now being able to quickly access and/or download a wide range of video files by and through the Internet. Businesses, including plaintiffs' businesses, have taken advantage of these new technologies to deliver many entertainment options to potential customers.

27. Unfortunately, rapidly changing technologies have also provided increased opportunity for those wishing to circumvent the rights of copyright holders. Some individuals and businesses have created and operated websites that blatantly copy and infringe audio visual works belonging to others. These sites are designed solely to siphon revenue from copyright holders and put it into the hands of those who own and operate the infringing websites. The infringing sites require little sweat equity or financial capital to launch. There is nothing particularly innovative or

-8-

complicated with regard to the software required to operate such a site. It can be obtained quickly and inexpensively. These sites can and often do operate from small offices anywhere in the world. They do not need to build relationships with anyone inside the adult entertainment community, nor do they wish to. They do not need to scout locations or develop new talent. They do not invest in the long term financial, fiscal or emotional health of the industry or the individuals within it. Like the pirates of other eras, they attack, retreat and disappear to enjoy their plunder.

28.     The websites operated by defendants, jerkyourtube.com, gayforit.com and itsallgay.com, serve as prime examples of websites designed with the sole purpose of redirecting profits from copyright holders to the un-invested poachers operating the infringing sites. Defendants employ technological advancements to engage in massive willful infringement of copyrights belonging to plaintiffs and others and have thus deprived plaintiffs of the lawful rewards that should accompany creativity, financial risk, innovation and entrepreneurship. Defendants operate these sites while maintaining the fiction that they offer a forum for consumers to upload and share their own original "user-generated" adult video content. In reality, defendants use these sites to collect and then re-sell access to an extensive collection of infringing adult videos, including works belonging to Plaintiffs. Defendants' blatant disregard for copyright laws threatens the plaintiffs' businesses and undermines the incentives provided by Art. I, §8, cl. 8 of the U.S. Constitution.

29.     Each of the three offending websites, operates identically. Defendants store a large umber of video files on computer servers that they control though ownership or leasing. Rather than create or license content for the sites, defendants urge users to provide content to them. With a wink and a nod, users click the obligatory but meaningless "terms of use" and then proceed to upload countless videos belonging to various production companies including plaintiffs. The

users, who are virtual strangers to defendants, provide no information as to who they are or how they came to have authority to provide the content, and defendants clearly prefer not to know.

30.     When a visitor navigates to one of the websites, he can view thumbnail images depicting one frame from each video file residing on defendants' servers. When the visitor sees an image from a movie he would like to view, he simply clicks on the image and the video begins to stream. If the viewer wants to download the video to his computer, he may do so.

31.     Users are able to view five videos from each of the websites on any given day for free. If the viewer wishes to watch more than five videos, he can obtain unlimited access for one month by paying a $19.99 membership fee. Viewers can also gain unlimited access by supplying defendants with additional video content, thereby feeding the system and perpetuating the massive infringement scheme. For each video uploaded by the user, he gains unlimited access to the site for seven days, provided the uploaded video meets defendants' strict guidelines.

32.     Defendants carefully control the videos they accept in exchange for access to their sites. They require the videos to be new (*i.e.* it is not a duplicate of content already appearing on the site). The videos must specifically be gay erotica (*i.e.* "no non porn" and "no straight porn"). The videos cannot be "poor quality" and they cannot be split into smaller sections in order to earn extra membership credits. Moreover, defendants require uploaders to strip away any evidence that the content is a professional or copyright registered work, by prohibiting any video that has the copyright owners' titles, credits or watermarks. Specifically, defendants set forth their requirements on their website as follows:

**"Rules for qualifying for 7 days unlimited membership**

1) 1 video must be uploaded.

2) Videos put in "private" DO NOT count.

3) Uploading duplicates DOES NOT count.

-10-

COMPLAINT

1  4) Splitting a video into many clips DOES NOT count.

2  5) No Watermarked or copyrighted material allowed.

3  6) No underage.

4  7) No straight porn.

5  8) No poor quality videos.

6  9) No non porn.

7  10) No titles or credits.

8  People who cheat or break the rules **WILL BE** banned with NO exceptions

9  All uploaded videos are put into a conversion queue. It may take some time for your video to

10  appear if we are busy."

11

12  33.     Defendants also earn revenue by placing advertisements on the websites and the

13  plaintiffs' copyrighted content acts as the draw which attracts legions of visitors, thus defendants'

14  increase their own advertising revenue through the sweat of plaintiffs' brow.

15  34.     In order to attract more customers to the websites, defendants create a special line

16  of computer code called an embedded link and encourage users to distribute these embedded links

17  on other websites. Defendant creates these links and makes them available on its websites directly

18  next to the frame in which the video streams. Users can simply copy the code and then place the

19  next to the frame in which the video streams. Users can simply copy the code and then place the

20  code on another website. When someone clicks on one of these links on another website, the

21  video will play on the other website. However, the video streams from within a player controlled

22  by defendants. The video player automatically overlays an opaque watermark with the name of

23  defendants' websites. In some cases a short rolling advertisement is also placed before or after the

24  infringing video. Thus, defendants place their brand on plaintiff's intellectual property as if it

25  belonged to them. Defendants use plaintiffs' works to advertise their websites.

26

27  35.     Plaintiffs are informed and believe and based thereon allege that each act of

28  infringement complained of herein occurred from the base domains jerkyourtube.com,

-11-

gayforit.com and itsallgay.com, and occurred on computer servers owned, operated and/or controlled by defendants and at the direction of Compton and GRAHM?.

36. Plaintiffs discovered and documented that defendants have reproduced and are displaying and distributing by and through jerkyourtube.com, gayforit.com and itsallgay.com hundreds of unauthorized copies of their copyright registered works. Users have viewed these works millions of times. Moreover, defendants similarly infringe thousands of videos belonging to hundreds of other producers. Specifically, Defendants have infringed at least One hundred ninety-four (194) titles which are identified by copyright registration number on Attachment A.

37. Defendants' business model depends on the uploading, posting, display and performance of copyrighted audiovisual works belonging to plaintiffs and others. Defendants deliberately and knowingly built large libraries of infringing works to draw Internet traffic to the subject websites, enabling defendants to sell advertising and memberships to view the works while also increasing the value of their business and earning vast amounts of revenue from content for which they hold no copyrights or valid licenses.

38. Defendants have actual knowledge and clear notice of this massive infringement, which is obvious to even the most casual visitor to the sites. The sites are full of "red flags" from which infringing activity is apparent. Most of the available movies are obviously shot with high-quality cameras and using well known performers. In spite of defendant's alleged prohibition on uploading content with watermarks or branding, many videos contain opening titles with studio logos and titles. Moreover, plaintiffs have repeatedly notified defendants that the sites contain massive amounts of infringing copies of their copyright registered works.

39. Defendants have deliberately chosen not to take reasonable precautions to deter the rampant copyright infringement occurring on jerkyourtube.com, gayforit.com and itsallgay.com

-12-

which they have both the right and ability to control. Defendants make no attempt to indentify the individuals who provide defendants with the content they exploit and in fact, they refuse to do so, knowing the individuals supplying popular infringing content would be deterred from doing so if they could be easily identified. Nor do defendants make any effort to determine from where or from whom the individuals obtained the works or whether the individuals have legitimate authority to further reproduce and distribute the works.

40.     Instead of exercising their right and ability to control infringing activity on their websites, defendants elect to shift the burden onto copyright owners to monitor the website on a continual basis to detect infringing files and to send notices to defendants demanding that they take down the infringing files. Defendants have willfully chosen this approach because it allows them to profit from infringement while leaving plaintiffs and other copyright owners with Sisyphean task of monitoring defendants' websites and thousands of others sites that now mimic their successful, albeit illegal business model.

41.     Prior to releasing their works into the market, plaintiffs mark each work with a copyright notice and with their respective trademarks. Plaintiffs also display their copyright marks and trademarks predominantly on their respective websites. They label each work with their respective California business addresses and a statement that age authentication records are maintained at those addresses in accordance with the requirements of 18 U.S.C. §2257. Plaintiffs also label their websites with this information.

42.     Defendants' infringements have harmed and continue to harm plaintiffs and others who legally derive benefit from plaintiffs' creative works. If left unchecked, the continued infringements will undermine plaintiffs' businesses and other creative enterprises that produce audiovisual works. Plaintiffs therefore have no choice but to seek immediate redress.

-13-

43.    Plaintiff seeks a declaration that defendants' conduct in reproducing, distributing publicly performing and publicly displaying plaintiffs' copyrighted works without authorization willfully infringes plaintiffs' copyrights; a permanent injunction requiring defendants to employ reasonable methods and or technologies to prevent or limit infringement of plaintiffs' copyrights; and actual damages plus profits or statutory damages for defendants' past and present willful infringement of at least twenty-nine million, one hundred thousand dollars ($29.1 million).

44.    Defendants have engaged in, and are continuing to engage in, fraudulent, unfair, and unlawful conduct including violating 18 U.S.C. §2257 and its governing regulations. Such violations include, without limitation, defendants' failure to maintain proper age verification records and defendants' knowing transfer and sale of actual sexually explicit content without proper labeling as required under 18 U.S.C. §2257(f)(1).

45.    Plaintiffs devote significant resources, time and money to comply with 18 U.S.C. §2257. Accordingly, as a direct and proximate result of the aforementioned acts, defendants received and continue to receive an economic benefit by ignoring and violating 18 U.S.C. §2257 while operating jerkyourtube.com, gayforit.com and itsallgay.com.

## FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §501)

Plaintiffs Own Federally Registered Copyrights of Various Creative Works

46.    Plaintiffs repeat and incorporate by this reference each and every allegation set forth in paragraphs 1 through 45, inclusive.

47.    Each of the works infringed as alleged in this action is registered to plaintiffs with the United States Copyright Office. The U.S. Copyright Registration Numbers for each of the currently known infringed works are set forth in Exhibit A. In a few cases plaintiffs have

-14-

1 | submitted an application to the Copyright Office, but are waiting for the Office to complete

2 | processing.

3
4 | 48. At all times relevant hereto, plaintiffs have been the registered owners of the

5 | audiovisual works reproduced, distributed and publicly displayed by defendants by and through

6 | jerkyourtube.com, gayforit.com and itsallgay.com as complained of herein.

7 | 49. Defendants reproduced, reformatted, publicly displayed, and distributed plaintiffs'

8 | copyright protected works by and through servers and/or other hardware owned, operated and/or

9
10 | controlled by defendants.

11 | Defendants Willfully Infringed Plaintiff's Registered Copyrights

12 | 50. Defendants infringed the copyrights in plaintiffs' creative works by reproducing,

13 | distributing, and publicly displaying the works by and through jerkyourtube.com, gayforit.com

14 | and itsallgay.com without proper approval or authorization of plaintiffs.

15
16 | 51. Defendants knew they did not have permission to exploit plaintiffs' works on

17 | jerkyourtube.com, gayforit.com and itsallgay.com and knew or should have known their acts

18 | constituted copyright infringement.

19 | 52. Plaintiff is informed and believes and based thereon alleges that defendants made

20
21 | no attempt to discover the proper owners of the works before exploiting them, nor did they take

22 | measures to determine whether the works had been properly licensed. In fact, defendants took

23 | specific measures to limit their knowledge regarding the infringement.

24 | 53. Defendants' conduct was willful within the meaning of the Copyright Act. At a

25 | minimum, defendants acted with willful blindness to and in reckless disregard of plaintiffs'

26
27 | registered copyrights.

28

-15-

COMPLAINT

54. As a result of their wrongful conduct, defendants are liable to plaintiffs for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to their business reputations and goodwill.

55. Plaintiffs are entitled to recover damages, which include their losses and any and all profits defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, plaintiffs are entitled to statutory damages under 17 U.S.C. § 504(c).

56. In addition, because defendants' infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

57. Plaintiffs are also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiffs have no adequate remedy at law for defendants' wrongful conduct because, among other things, (a) plaintiffs' copyrights are unique and valuable property which have no readily determinable market value, (b) defendants' infringement harms plaintiffs' business reputation and goodwill such that plaintiffs could not be made whole by any monetary award, and (c) defendants' wrongful conduct, and resulting damage to plaintiffs is continuing. Pursuant to 17 U.S.C. §502, plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting further infringement of plaintiffs' copyrights.

58. In addition, plaintiffs are entitled to recover their attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

-16-

**SECOND CAUSE OF ACTION**

(Contributory Copyright Infringement)

59.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 58, inclusive.

60.    Without authorization, individuals have reproduced, distributed, created derivative works and publicly displayed plaintiffs' works by and through jerkyourtube.com, gayforit.com and itsallgay.com thereby directly infringing plaintiffs' copyrighted works.

61.    Defendants contributed to the infringing acts of those individuals and allowed, encouraged and induced those individuals to reproduce, distribute, and publicly display plaintiffs' works by and through jerkyourtube.com, gayforit.com and itsallgay.com without regard to the ownership of the works.

62.    Defendants designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials.  As a direct and proximate result of such inducement, individuals have infringed plaintiffs' copyrighted works by reproducing, distributing, and publicly performing such works by and through jerkyourtube.com, gayforit.com and itsallgay.com.

63.    Defendants' acts of inducement to infringe were willful, in disregard of and with indifference to plaintiffs' rights.

64.    Defendants induced the users of its websites to engage in copyright infringement, by offering them free memberships if they provided defendants with new sexually explicit gay content with all indicia of ownership removed.

65.    Defendants had knowledge of the infringing activity or engaged in willful blindness to avoid knowledge of the infringing activity.

COMPLAINT

66.     The acts and conduct of defendants, as alleged above in this Complaint constitute contributory copyright infringement.

**THIRD CAUSE OF ACTION**

(Vicarious Copyright Infringement)

67.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 66, inclusive.

68.     Without authorization, individuals have reproduced, distributed, created derivative works and publicly displayed plaintiffs' works by and through jerkyourtube.com, gayforit.com and itsallgay.com thereby directly infringing plaintiffs' copyrighted works.

69.     Defendants had the right and ability to control the infringing acts of the individuals who provided plaintiffs' works to jerkyourtube.com, gayforit.com and itsallgay.com as described herein.

70.     Defendants obtained a direct financial benefit from those infringing activities.

71.     The acts and conduct of defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

**FOURTH CAUSE OF ACTION**

(Trademark Infringement - False Designation of Origin)

72.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 71, inclusive.

73.     Plaintiff Io Group, Inc. has applied for and registered the marks TitanMedia®, TitanMen®, and ManPlay® with the United States Patent and Trademark Office. Io Group has also obtained through assignment the mark MSR Videos®.

-18-

COMPLAINT

74.     Plaintiff Liberty Media Holdings, LLC holds an exclusive license to the registered Trademark Corbin Fisher®.

75.     Defendants provide identical services as plaintiffs, to the same market, namely, providing gay adult content for viewing via the Internet. Defendants compete directly with plaintiffs.

76.     Defendants display infringing reproductions of plaintiffs' works on jerkyourtube.com, gayforit.com and itsallgay.com and display the marks "jerkyourtube.com", "gayforit.com" and "itsallgay.com" above and immediately adjacent to the works.

77.     Defendants' use of the marks "jerkyourtube.com", "gayforit.com" and "itsallgay.com" in connection with displaying plaintiffs' works constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of the works displayed on and distributed by and through jerkyourtube.com, gayforit.com and itsallgay.com. Defendants' usage tends to deceive or confuse consumers into believing defendants' services are affiliated with plaintiffs' works, are sponsored or approved of by plaintiffs, or are otherwise associated with or authorized by plaintiffs.

78.     By engaging in the activities described above, defendants have made and are making false, deceptive, and misleading statements constituting unfair competition, false representations, false designation of origin, and false advertising made in connection with services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of plaintiffs, and with the purpose an intent of

-19-

1 confusing the relevant trade and public into mistakenly believing that defendants' services are
2 associated with, affiliated with, or licensed by plaintiffs.

3
4 80. Defendants' acts of unfair competition and false advertising have caused and are
5 causing great and irreparable injury plaintiffs and their relevant trademarks and to the services and
6 goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless
7 restrained, will cause further irreparable injury, leaving plaintiffs with no adequate remedy at law.

8 81. By reason of the foregoing, plaintiffs are entitled to injunctive relief against
9
10 defendants, restraining further acts of unfair competition, false designation of origin, and false
11 advertising, and to recover attorneys' fees and any damages proven to have been caused by reason
12 of defendants' aforesaid acts of unfair competition, false designation of origin, false
13 representation, and false advertising.

14
## FIFTH CAUSE OF ACTION
15
16 (Misappropriation of the Right of Publicity (Common Law and Cal. Civ. Pro. § 3344)

17 82. Plaintiff repeats and incorporates by this reference each and every allegation set
18 forth in paragraphs 1 through 81, inclusive.

19 83. Plaintiffs' copyrighted works embody images of performers a number of which
20
21 executed written agreements through which plaintiffs became the exclusive proprietors of the
22 actors' rights of publicity in the performances embodied in plaintiffs' creative works.

23 84. Defendants infringed the rights of publicity of the performers appearing in
24 plaintiffs' works by displaying images of those performers for commercial gain without consent.

25 85. Defendants exploited the performances of the individuals appearing in plaintiffs'
26
27 works and used those performances to advertise defendants' websites. Defendants distributed a
28 video player that automatically overlaid the name of defendants' websites on top of the

-20-

1 performances of the individuals appearing in plaintiffs' works. Defendants encouraged their
2 members to distribute links on the Internet which when clicked automatically opened defendants'
3
4 video player thereby causing the video files containing the performances to appear along with
5 advertisements to defendants' websites.

6 86. As a direct and proximate result of defendants' conduct as aforesaid, plaintiffs have
7 been damaged by lost income in an amount to be determined at trial.

8 87. Defendants acted deliberately to injure plaintiffs and otherwise in conscious
9
10 disregard of plaintiffs' rights. Further, defendants performed these acts, or otherwise authorized,
11 ratified or had knowledge of them and thereby acted in conscious disregard of plaintiffs' rights.

12 88. The acts and conduct of defendants as alleged above in this Complaint constitute a
13 misappropriation of the right of publicity pursuant to the common law of California.

14 89. The acts and conduct of defendants as alleged above in this Complaint constitute a
15
16 misappropriation of the right of publicity in the form of the unauthorized commercial use of a
17 photograph in violation of California Civil Code §3344.

18 90. Defendants' conduct as alleged above has damaged and will continue to damage
19 plaintiff's goodwill and reputation and has resulted in losses to plaintiff and illicit gain of profit to
20
21 defendants in an amount unknown at the present time.

22 91. The aforementioned acts of defendants were willful, oppressive, fraudulent and
23 malicious and therefore, defendants' conduct justifies an award of exemplary or punitive damages
24 in an amount sufficient to punish defendants and to make an example of them to others as
25 provided for in Cal. Civ. Code § 3344(a).
26
27
28

-21-

COMPLAINT

1 **SIXTH CAUSE OF ACTION**

2 (Unfair Business Practices - Cal. Bus. & Prof. Code §17200 - Violation of 18 U.S.C. §2257)

3
4 92. Plaintiff repeats and incorporates by this reference each and every allegation set
5 forth in paragraphs 1 through 91, inclusive.

6 93. California Business & Professional Code §17200 et seq. provides for injunctive and
7 other relief against any "unlawful, unfair or fraudulent business act or practice." As set forth
8 above, defendants are engaged in, and, unless restrained, will continue to engage in unfair and
9
10 fraudulent conduct, and unlawful conduct under the 18 U.S.C. §2257.

11 94. Defendants are distributors of sexually explicit material within the meaning of 18
12 U.S.C. §2257 and its governing regulations.

13 95. Defendants have committed and are continuing to commit acts of unfair
14 competition as defined by Business and Professions Code § 17200, by violating 18 U.S.C. §2257
15
16 and the implementing regulations. Such violations include defendants' failure to maintain age
17 verification records and failure to ensure that all sexually explicit material contains a disclosure as
18 to where age verification records are maintained.

19 96. Defendants' aforesaid failure to follow the record keeping and labeling
20 requirements of 18 U.S.C. §2257 constitutes an unlawful business practice within the meaning of
21
22 Business & Professions Code §17200, *et seq*.

23 97. As a direct and proximate result of the aforementioned acts, defendants receive and
24 continue to receive an economic benefit by failing to adhere to the requirements of 18 U.S.C.
25 §2257 and the implementing regulations.
26
27 98. Defendants have engaged in, and are continuing to engage in, fraudulent, unfair and
28 unlawful conduct including, but not limited to knowingly, failing to maintain proper age

-22-

1  verification records and transferring or selling actually sexually explicit material without proper
2  labeling as required under 18 U.S.C. §2257(f).

3  99.  Injury to plaintiffs is continuing and will continue unless defendants' actions are
4
5  restrained by the Court. Unless defendants are enjoined from engaging in their wrongful conduct,
6  plaintiffs will suffer further irreparable injury and harm, for which plaintiffs have no adequate
7  remedy at law.

8  100.  Plaintiffs are entitled to a permanent injunction, and pending the hearing and final
9
10 determination of this action, a preliminary injunction enjoining defendants from the acts of unfair,
11 unlawful and fraudulent business practices set forth above, and to reasonable attorneys' fees and
12 costs of suit.

13              **SEVENTH CAUSE OF ACTION**
14
15                  (Alter Ego)
16 101.  Plaintiffs repeat and incorporate by this reference each and every allegation
17 set forth in paragraphs 1 through 100, inclusive.

18 102.  Plaintiffs are informed and believe and based thereon allege that Defendants
19
20 Steven John Compton and David Graham Compton are, and at all times herein mentioned
21 were, the owners of 100% of the interest (shares of Stock) of GLBT, Ltd. and Mash &
22 New, Ltd.

23 103.  Plaintiffs are informed and believe and based thereon allege that Defendants
24
25 Steven John Compton and David Graham Compton are, and at all times herein mentioned
26 were, the sole directors of GLBT, Ltd. and Mash & New, Ltd.

27 104.  Plaintiffs are informed and believe and based thereon allege that there exists,
28 and at all times herein mentioned there existed, a unity of interest in ownership between

-23-

COMPLAINT

Steven John Compton and David Graham Compton on one hand and GLBT, Ltd. and Mash & New, Ltd. on the other, such that any individuality and separateness between Steven John Compton and David Graham Compton on one hand and GLBT, Ltd. and Mash & New, Ltd on the other have ceased and GLBT, Ltd. and Mash & New, Ltd are the alter egos of Defendants Steven John Compton and David Graham Compton in that:

a. Defendants Steven John Compton and David Graham Compton have commingled funds and other assets of GLBT, Ltd. and Mash & New, Ltd for their own convenience and to assist in evading payment of obligations;

b. Defendants Steven John Compton and David Graham Compton have diverted funds and other assets of GLBT, Ltd. and Mash & New, Ltd for other than corporate uses;

c. Defendants Steven John Compton and David Graham Compton treated assets of GLBT, Ltd. and Mash & New, Ltd as their own;

d. At all times herein mentioned, Defendants Steven John Compton and David Graham Compton controlled, dominated and operated GLBT, Ltd. and Mash & New, Ltd as their individual business and alter ego, and carried out the activities and business of GLBT, Ltd. and Mash & New, Ltd without the holding of directors or shareholders meetings, and without maintaining adequate records or minutes of corporate proceedings;

e. Defendants Steven John Compton and David Graham Compton failed to adequately capitalize GLBT, Ltd. and Mash & New, Ltd.

-24-

COMPLAINT

f.    GLBT, Ltd. and Mash & New, Ltd are, and at all times herein mentioned were, mere shells, instrumentalities, and conduits through which Defendants Steven John Compton and David Graham Compton carried on their business in the corporate name exactly as if it were unincorporated, exercising complete control and dominance of such business to such an extent that any individuality or separateness of GLBT, Ltd. and Mash & New, Ltd. and Defendants Steven John Compton and David Graham Compton do not, and at all times herein mentioned did not, exist; and

g.    Defendants Steven John Compton and David Graham Compton diverted assets from GLBT, Ltd. and Mash & New, Ltd to themselves to the detriment of creditors, including plaintiff.

105.   Adherence to the fiction of the separate existence of GLBT, Ltd. and Mash & New, Ltd as entities distinct from Defendants Steven John Compton and David Graham Compton would permit an abuse of the corporate privilege and would be inequitable and unfair.

106.   Plaintiffs are informed and believe and based thereon allege to the extent Port 80, Ltd. is a properly formed legal entity, Defendants Steven John Compton and David Graham Compton have engaged in similar actions with regard to Port 80, Ltd and thus at all times herein mentioned there existed, a unity of interest in ownership between Defendants Steven John Compton and David Graham Compton on one hand and Port 80, Ltd on the other, such that any individuality and separateness between Defendants Steven John Compton and David Graham Compton and Port 80, Ltd have also ceased and Port 80, Ltd is the alter ego of Defendants Steven John Compton and David Graham Compton.

COMPLAINT

**EIGHTH CAUSE OF ACTION**

(Accounting)

107.    Plaintiffs repeat and incorporate by this reference each and every allegation set forth in paragraphs 1 through 106, inclusive.

108.    Plaintiffs are entitled, pursuant to 17 U.S.C. § 504, to statutory damages or plaintiffs' actual damages and all defendants' profits attributable to the illegal acts herein described.

109.    The amount of compensatory damages due from defendants to plaintiff is unknown to plaintiffs and cannot be ascertained without a detailed accounting by defendants of the precise number of visitors to defendants' website, the number of views of plaintiffs' works from defendants' website and the amount of income generated by the website.

110.    Accordingly, plaintiffs are entitled to and hereby demand a full accounting from defendants.

**JURY DEMAND**

111.    Plaintiffs hereby demand a jury trial in this case.

**PRAYER**

WHEREFORE, plaintiffs respectfully requests judgment as follows:

(1)     That the Court enter a judgment declaring that defendants have:

    a. willfully infringed plaintiffs' rights in federally registered copyrights under 17 U.S.C. § 501 through their direct, contributory and vicarious acts;

    b. willfully violated plaintiffs' registered trademarks;

    c. willfully violated plaintiffs' assigned rights of publicity in violation of California common law and Cal. Civ. Code §3344; and

-26-

COMPLAINT

1                d.  otherwise injured the business reputations and businesses of plaintiffs by

2                   defendants' acts and conduct as set forth in this Complaint;

3

4       (2)    That the Court issue injunctive relief against defendants, and that defendants, their

5 agents, representatives, servants, employees, attorneys, successors and assigns, and all others in

6 active concert or participation with it, be enjoined and restrained from copying, posting or making

7 any other infringing use or infringing distribution of plaintiffs' audiovisual works, photographs or

8 other materials;

9

10     (3)    That the Court issue injunctive relief against defendants, and that defendants, their

11 agents, representatives, servants, employees, attorneys, successors and assigns, and all others in

12 active concert or participation with it, be enjoined and restrained from engaging in further acts of

13 unfair competition, false designation of origin, and false advertising;

14

15     (4)    That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and

16 509(a) impounding all infringing copies of plaintiffs' audiovisual works, photographs or other

17 materials, which are in defendants' possession or under their control;

18     (5)    That the Court enter an order requiring a full and complete accounting of all

19 amounts due and owing to plaintiffs as a result of defendants' illegal activities;

20

21     (6)    That the Court order defendants to pay plaintiffs' general, special, actual and

22 statutory damages as follows:

23                a.  Plaintiffs' damages and defendants' profits pursuant to 17 U.S.C. § 504(b), or

24                    in the alternative, maximum enhanced statutory damages of twenty-nine

25                    million, one hundred thousand dollars (one hundred fifty thousand per infringed

26

27                    work) pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of

28                    plaintiffs' copyrights;

-27-

b. Plaintiffs' damages and defendants' profits or alternatively statutory damages pursuant to 15 U.S.C. §1117;

c. Plaintiffs' damages and defendants' profits pursuant to Cal. Civ. Code § 3344 or in the alternative statutory damages pursuant to Cal. Civ. Code § 3344, plus punitive damages pursuant to Cal. Civ. Code §3344; and

d. Pursuant to Business and Professions Code §§ 17203 and 17535, and pursuant to the equitable powers of this Court, plaintiffs pray that the Court order defendants to restore all funds acquired by means or any act or practice found by this Court to be unlawful or fraudulent or to constitute unfair competition under Business and Professions Code §17200 *et seq*.

(7) That the Court order defendants to pay plaintiffs both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504, 15 U.S.C. §1117, Cal. Civ. Code § 3344(a); and Cal. Code Civ. Pro. §1021.5.

(8) That the Court order Defendants to pay pre and post judgment interest according to law; and

(9) That the Court grant to plaintiffs such other and additional relief as is just and proper.

Dated: *3·26·2010*

Respectfully submitted,

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN

MARC J. RANDAZZA, *(pro hac vice* pending)
GENERAL COUNSEL
LIBERTY MEDIA HOLDINGS, LLC

Attorneys for Plaintiffs

-28-

Attachment A

| Rights Holder | Title | Registration Number |
|---|---|---|
| Io Group, Inc. | *110° in Tucson* | PA 1-290-634 |
| Io Group, Inc. | *3 Easy Pieces* | PA 1-080-257 |
| Io Group, Inc. | *Alabama Takedown* | PA 1-304-285 |
| Io Group, Inc. | *Arcade on Rt. 9* | PA 1-335-771 |
| Io Group, Inc. | *At Large* | PA 1-230-114 |
| Io Group, Inc. | *Back to Barstow* | PA 1-252-048 |
| Io Group, Inc. | *Barnstorm* | PA 1-630-064 |
| Io Group, Inc. | *Big Muscle* | PA 1-309-633 |
| Io Group, Inc. | *Boiler* | PA 1-368-496 |
| Io Group, Inc. | *Boner!* | PA 990-715 |
| Io Group, Inc. | *Breakers* | PA 1-617-991 |
| Io Group, Inc. | *Breathless* | PA 1-352-306 |
| Io Group, Inc. | *Campus Pizza* | PA 1-597-987 |
| Io Group, Inc. | *Cirque Noir* | PA 1-304-272 |
| Io Group, Inc. | *Cop Shack* | PA 1-352-001 |
| Io Group, Inc. | *Copperhead Canyon* | PA 1-637-557 |
| Io Group, Inc. | *Crossing the Line* | PA 1-366-927 |
| Io Group, Inc. | *Desert Train* | PA 984-689 |
| Io Group, Inc. | *Don't Ask, Don't Tell* | PA 1-230-111 |
| Io Group, Inc. | *Double Standard* | PA 1-636-650 |
| Io Group, Inc. | *Easy Inn* | PA 995-031 |
| Io Group, Inc. | *Eruption* | PA 990-739 |
| Io Group, Inc. | *Fear* | PA 1-317-997 |
| Io Group, Inc. | *First Crush* | PA 1-232-826 |
| Io Group, Inc. | *Folsom Leather* | PA 1-387-547 |
| Io Group, Inc. | *Folsom Prison* | PA 1-635-863 |
| Io Group, Inc. | *Full Access* | PENDING |
| Io Group, Inc. | *Funhouse* | PENDING |
| Io Group, Inc. | *Gale Force* | PA 1-302-642 |
| Io Group, Inc. | *Gorge* | PA 1-202-666 |
| Io Group, Inc. | *H2O* | PA 1-379-764 |
| Io Group, Inc. | *Heat* | PA 1-017-633 |
| Io Group, Inc. | *Hitch* | PA 1-344-055 |
| Io Group, Inc. | *Island Guardian* | PA 984-693 |
| Io Group, Inc. | *Jacked Up* | PA 1-040-880 |
| Io Group, Inc. | *Laid Up* | PA 1-040-878 |
| Io Group, Inc. | *Lifeguard* | PENDING |

| Io Group, Inc. | *ManPlay 18* | PA 1-247-310 |
|---|---|---|
| Io Group, Inc. | *Mens Room* | PA 1-233-097 |
| Io Group, Inc. | *P.O.V.* | PA 1-631-964 |
| Io Group, Inc. | *Packers* | PA 1-233-145 |
| Io Group, Inc. | *Pumped Up* | PA 1-052-097 |
| Io Group, Inc. | *Redwood* | PA 1-080-261 |
| Io Group, Inc. | *REM* | PA 1-130-969 |
| Io Group, Inc. | *Riders* | PA 1-328-405 |
| Io Group, Inc. | *River Patrol* | PA 885-073 |
| Io Group, Inc. | *Road to Redneck Hollow* | PA 1-379-760 |
| Io Group, Inc. | *SeaMen: FAIV* | PA 1-065-767 |
| Io Group, Inc. | *Service Trade* | PA 1-206-361 |
| Io Group, Inc. | *Shacked Up* | PA 1-590-175 |
| Io Group, Inc. | *Shooters* | PA 1-315-905 |
| Io Group, Inc. | *Side Effects* | PA 1-323-678 |
| Io Group, Inc. | *Spy Quest* | PA 1-292-233 |
| Io Group, Inc. | *Spy Quest 2* | PA 1-319-578 |
| Io Group, Inc. | *Stud Farm* | PA 1-246-824 |
| Io Group, Inc. | *Tag Team* | PA 992-998 |
| Io Group, Inc. | *Telescope* | PA 1-631-963 |
| Io Group, Inc. | *Tough Guys* | PA 1-316-771 |
| Io Group, Inc. | *Trespass* | PA 846-727 |
| Io Group, Inc. | *White Trash* | PA 1-230-104 |
| Channel One Releasing, Inc. | *2nd Inning: Little Big league 2* | PENDING |
| Channel One Releasing, Inc. | *A Man's Tail* | PA 1-647-133 |
| Channel One Releasing, Inc. | *A Tale of Two Brothers* | PA 843-966 |
| Channel One Releasing, Inc. | *Asian Persuasian* | PENDING |
| Channel One Releasing, Inc. | *Ass Lick Alley* | PA 951-960 |
| Channel One Releasing, Inc. | *Bad Boys Club* | PA 388-561 |
| Channel One Releasing, Inc. | *Below the Rim* | PENDING |
| Channel One Releasing, Inc. | *Best Little Whorehouse In Tex- Ass* | PA 1-065-762 |
| Channel One Releasing, Inc. | *Bi Back Mountain* | PENDING |
| Channel One Releasing, Inc. | *Big Guns* | PA 388-556 |
| Channel One Releasing, Inc. | *Black Balled* | PA 811-136 |
| Channel One Releasing, Inc. | *Black Cocks In White Jocks* | PENDING |
| Channel One Releasing, Inc. | *Blackballed 5 : Starfucker* | PA 1-647-114 |
| Channel One Releasing, Inc. | *Blond Leading the Blond* | PENDING |
| Channel One Releasing, Inc. | *Bolt* | PA 1-647-132 |
| Channel One Releasing, Inc. | *Boyland* | PA 1-205-982 |
| Channel One Releasing, Inc. | *Boys Of San Francisco* | PA 336-601 |
| Channel One Releasing, Inc. | *Bringing Out Brother* | PA 1-071-355 |

-30-

| | | |
|---|---|---|
| Channel One Releasing, Inc. | *Cockwatch* | PA 1-052-095 |
| Channel One Releasing, Inc. | *Colton* | PA 1-119-427 |
| Channel One Releasing, Inc. | *Conquered* | PA 846-726 |
| Channel One Releasing, Inc. | *Deceived* | PA 1-646-790 |
| Channel One Releasing, Inc. | *Delinquents* | PA 1-647-119 |
| Channel One Releasing, Inc. | *Detention: Oral Exams 2* | PA 1-647-120 |
| Channel One Releasing, Inc. | *Devil is a Bottom* | PA 1-003-041 |
| Channel One Releasing, Inc. | *Dirk Yates Live* | PA 1-124-986 |
| Channel One Releasing, Inc. | *Diving Lagoon* | PA 1-265-098 |
| Channel One Releasing, Inc. | *Double Agent* | PA 1-335-730 |
| Channel One Releasing, Inc. | *Double Czech* | PA 1-003-152 |
| Channel One Releasing, Inc. | *Down Austin Lane* | PA 984-683 |
| Channel One Releasing, Inc. | *Fly Bi Night* | PA 1-647-136 |
| Channel One Releasing, Inc. | *Hardcore* | PA 871-458 |
| Channel One Releasing, Inc. | *Hole Patrol* | PA 1-646-867 |
| Channel One Releasing, Inc. | *Hot Body In Rio De Janeiro* | PA 1-086-248 |
| Channel One Releasing, Inc. | *Hot Buttered Cop Porn* | PENDING |
| Channel One Releasing, Inc. | *How the West Was Hung* | PA 990-742 |
| Channel One Releasing, Inc. | *Idol Thoughts* | PA 610-993 |
| Channel One Releasing, Inc. | *in His Dreams* | PENDING |
| Channel One Releasing, Inc. | *Jarhead 2* | PA 1-646-858 |
| Channel One Releasing, Inc. | *Knob Bobbin'* | PENDING |
| Channel One Releasing, Inc. | *Leather Sessions* | PENDING |
| Channel One Releasing, Inc. | *Leo and Lance* | PA0 1-97-074 |
| Channel One Releasing, Inc. | *Lickity Split* | PA 1-071-353 |
| Channel One Releasing, Inc. | *Lights and Darks* | PA 1-646-812 |
| Channel One Releasing, Inc. | *Little Big League* | PA 1-647-138 |
| Channel One Releasing, Inc. | *Live and Raw : The Movie* | PENDING |
| Channel One Releasing, Inc. | *Lookin For Trouble* | PA 1-647-115 |
| Channel One Releasing, Inc. | *Manhandled: A Latino Gang- Bang* | PA 1-647-111 |
| Channel One Releasing, Inc. | *Measure Up* | PENDING |
| Channel One Releasing, Inc. | *Meet Ray Harley* | PENDING |
| Channel One Releasing, Inc. | *Mile Bi Club* | PA 1-071-356 |
| Channel One Releasing, Inc. | *My Overstuffed Jeans* | PENDING |
| Channel One Releasing, Inc. | *No Folks @ Home* | PENDING |
| Channel One Releasing, Inc. | *On Target* | PA 1-647-142 |
| Channel One Releasing, Inc. | *Oral Exams* | PA 1-647-122 |
| Channel One Releasing, Inc. | *Pillage and Plunder : The Movie* | PENDING |
| Channel One Releasing, Inc. | *Pizza Boy* | PA 409-122 |
| Channel One Releasing, Inc. | *Playing With Fire* | PA 811-127 |
| Channel One Releasing, Inc. | *Playing With Fire 2* | PA 1-003-129 |

COMPLAINT

| Channel One Releasing, Inc. | *Playing With Fire 3* | PA 1-145-517 |
|---|---|---|
| Channel One Releasing, Inc. | *Pornstruck* | PA 1-065-764 |
| Channel One Releasing, Inc. | *Pornstruck 2* | PA 1-071-357 |
| Channel One Releasing, Inc. | *Powertool* | PA 388-555 |
| Channel One Releasing, Inc. | *Restless Youths* | PENDING |
| Channel One Releasing, Inc. | *Revolucion Sexual* | PA 1-247-317 |
| Channel One Releasing, Inc. | *Sailor In the Wild* | PA0 1-95-102 |
| Channel One Releasing, Inc. | *Sailor In the Wild 2* | PA 618-540 |
| Channel One Releasing, Inc. | *Scorched* | PENDING |
| Channel One Releasing, Inc. | *Score* | PENDING |
| Channel One Releasing, Inc. | *Seven Deadly Sins: Lust* | PA 1-013-889 |
| Channel One Releasing, Inc. | *Seven Deadly Sins: Sloth* | PA 1-065-771 |
| Channel One Releasing, Inc. | *Sins Of the Father* | PA 1-139-345 |
| Channel One Releasing, Inc. | *Sized Up* | PA 1-646-818 |
| Channel One Releasing, Inc. | *Spiked* | PA 917-901 |
| Channel One Releasing, Inc. | *Starting Young* | PENDING |
| Channel One Releasing, Inc. | *Starting Young 2* | PENDING |
| Channel One Releasing, Inc. | *Steele Ranger* | PENDING |
| Channel One Releasing, Inc. | *Str8 shots* | PENDING |
| Channel One Releasing, Inc. | *Str8 shots 2* | PA 1-646-822 |
| Channel One Releasing, Inc. | *Striptease* | PA 840-828 |
| Channel One Releasing, Inc. | *Sunsoaked* | PENDING |
| Channel One Releasing, Inc. | *Sweltering Lake* | PENDING |
| Channel One Releasing, Inc. | *Take One For The Team* | PENDING |
| Channel One Releasing, Inc. | *Tales From The Foxhole* | PA 948-441 |
| Channel One Releasing, Inc. | *The Best of Leo Ford* | PENDING |
| Channel One Releasing, Inc. | *The Final Link* | PA 964-889 |
| Channel One Releasing, Inc. | *The Look* | PA 618-541 |
| Channel One Releasing, Inc. | *The Missing Link* | PA 1-013-881 |
| Channel One Releasing, Inc. | *Tune Up* | PA 1-647-116 |
| Channel One Releasing, Inc. | *Untamed* | PA 1-646-881 |
| Channel One Releasing, Inc. | *When Bears Attack* | PA 1-646-793 |
| Channel One Releasing, Inc. | *when In Rome* | PA 1-647-141 |
| Channel One Releasing, Inc. | *Wicked* | PA 1-646-859 |
| Channel One Releasing, Inc. | *Wrong Side of the Tracks Pt 1* | PA 1-646-864 |
| Liberty Media Holdings, LLC | *Alex's First Time* | PA 1-615-210 |
| Liberty Media Holdings, LLC | *Austin's First Time* | PA 1-610-991 |
| Liberty Media Holdings, LLC | *Ben & TJ's Bi Tag Team* | PA 1-610-991 |
| Liberty Media Holdings, LLC | *Blowing Alex* | PENDING |
| Liberty Media Holdings, LLC | *Blowing Austin* | PENDING |
| Liberty Media Holdings, LLC | *Blowing Gabe* | PA 1-617-822 |

COMPLAINT

| | | |
|---|---|---|
| Liberty Media Holdings, LLC | *Cade Fucks Dawson* | PA 1-635-350 |
| Liberty Media Holdings, LLC | *Cade Fucks Lucas* | PA 1-613-513 |
| Liberty Media Holdings, LLC | *Cade Fucks Mason* | PA 1-644-568 |
| Liberty Media Holdings, LLC | *Cade Fucks Mitch* | PA 1-628-860 |
| Liberty Media Holdings, LLC | *Cody Fucks Lucas* | PA 1-645-300 |
| Liberty Media Holdings, LLC | *Connor & Brody Teasing Ashley* | PENDING |
| Liberty Media Holdings, LLC | *Connor & Kenny's Bi Tag Team* | PA 1-649-736 |
| Liberty Media Holdings, LLC | *Connor Fucks Noah* | PA 1-622-273 |
| Liberty Media Holdings, LLC | *Cooper Fucks Derek* | PA 1-623-603 |
| Liberty Media Holdings, LLC | *Cory Fucks Kurt* | PA 1-633-684 |
| Liberty Media Holdings, LLC | *Damon& Dirk Fuck Jude* | PENDING |
| Liberty Media Holdings, LLC | *Dawson* | PA 1-635-622 |
| Liberty Media Holdings, LLC | *Dawson & Dolph* | PA 1-655-839 |
| Liberty Media Holdings, LLC | *Dawson Fucks Cody* | PA 1-637-314 |
| Liberty Media Holdings, LLC | *Derek Fucks Jared* | PA 1-619-803 |
| Liberty Media Holdings, LLC | *Dru Fucks Josh Part 2* | PENDING |
| Liberty Media Holdings, LLC | *Fucking Brett* | PA 1-633-560 |
| Liberty Media Holdings, LLC | *Fucking Bryan* | PA 1-648-707 |
| Liberty Media Holdings, LLC | *Fucking Nick* | PA 1-622-290 |
| Liberty Media Holdings, LLC | *Fucking Sam* | PENDING |
| Liberty Media Holdings, LLC | *Fucking Travis* | PA 1-632-686 |
| Liberty Media Holdings, LLC | *Gabe 2* | PA 1-645-341 |
| Liberty Media Holdings, LLC | *Gabe Fucks Trevor* | PA 1-617-231 |
| Liberty Media Holdings, LLC | *Gabe's 3 Way* | PA 1-616-432 |
| Liberty Media Holdings, LLC | *Garrett* | PENDING |
| Liberty Media Holdings, LLC | *Josh's First Time* | PA 1-624-404 |
| Liberty Media Holdings, LLC | *Kyle Fucks Marcus* | PA 1-630-768 |
| Liberty Media Holdings, LLC | *Lucas & Dave Fuck Nick* | PA 1-620-258 |
| Liberty Media Holdings, LLC | *Lucas Fucks Adrian* | PA 1-625-856 |
| Liberty Media Holdings, LLC | *Lucas Fucks Dave* | PENDING |
| Liberty Media Holdings, LLC | *Lucas Fucks Dawson Part 2* | PA 1-633-956 |
| Liberty Media Holdings, LLC | *Micah Fucks Mario* | PENDING |
| Liberty Media Holdings, LLC | *The Gang Bang* | PA 1-624-403 |
| Liberty Media Holdings, LLC | *Troy's First Time* | PA 1-633-417 |

-33-

1   CERTIFICATION OF INTERESTED PERSONS

2

3   Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i)

4   have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)

5   have a non-financial interest in that subject matter or in a party that could be substantially affected

6   by the outcome of this proceeding:

7

8   Io Group, Inc.

9   Channel One Releasing, Inc.

10  Liberty Media Holdings, LLC

11

12

13

14

15  Dated: 3·26·2010              Respectfully submitted,

16

17                               GILL SPERLEIN

18                               THE LAW OFFICE OF GILL SPERLEIN
                                 Attorneys for Plaintiffs.
19

20

21

22

23

24

25

26

27

28

-34-

COMPLAINT