UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP INC, et al. | No. C-10-01282 MMC (DMR) |
| Plaintiffs, | **ORDER RE JOINT LETTER RE DISCOVERY DISPUTES** |
| v. | |
| GLBT LTD, et al. | |
| Defendants. | |

This is an action for alleged copyright and trademark infringement. Plaintiffs allege that Defendants operate websites from which members can upload and download erotic videos in a manner which infringes upon Plaintiffs' copyrighted works and trademarks.

On May 20, 2011, the parties filed a joint letter regarding several discovery disputes. *See* Docket No. 52. The Court ordered the parties to submit additional information, which resulted in a supplemental joint letter on June 3, 2011. *See* Docket Nos. 53 & 55. This Order summarizes the rulings issued during the June 13, 2011 telephonic hearing.

**I.    Location of Depositions of Defendants**

Plaintiffs have noticed the depositions of individual defendants David Compton and Steven Compton, as well as the three entity defendants. Steven Compton is a citizen of the United Kingdom and lives in England. Docket No. 45, Decl. of Steven Compton. David Compton is also a citizen of the United Kingdom; it is somewhat unclear whether he now lives in Malta or in the

United Kingdom. *Compare* Docket No. 44, Decl. of David Compton at ¶16 *with* Docket No. 54, May 27, 2011 Letter from Dr. Jonny Coxon. Defendants GLBT, Ltd and Mash and New, Ltd. appear to be British limited companies, and Defendant Port 80, Ltd. apparently is a Seychelles limited company. Decl. of D. Compton and exhibits thereto. David Compton will be the designated deponent for all three defendant entities. *Id.*

Plaintiffs argue that the depositions should be taken in the United States, either at the office of Plaintiffs' or Defendants' counsel, or at another mutually agreeable location. Plaintiffs have offered to pay for Defendants' reasonable travel expenses. Defendants contend that the depositions should go forward in London.

"A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). As noted by other courts within this circuit,

> [a]lthough there is a general presumption that the deposition of a corporate party should be taken at its place of business, that presumption is not conclusive. The court also considers the convenience of the parties, relative hardships and the economy obtained in attending a particular location. Relevant factors in making a determination include the location of counsel for both parties, the number of corporate representatives a party seeks to depose, whether the deponent often travels for business purposes, the likelihood of significant discovery disputes arising which would require resolution by the forum court, and the equities with respect to the nature of the claims and the parties' relationship.

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 2008 WL 1766758, at *1 (N.D. Cal. April 15, 2008) (citation omitted) *citing Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628-29 (C.D. Cal. 2005).

Here, the two deponents live in the United Kingdom and/or Malta. Counsel for both parties are located in California and Nevada. Although the individual defendants do not conduct business travel in the United States, at oral argument their attorney represented that they both travel for business throughout the European Union. Most significantly in this case, the Court is concerned that discovery disputes may arise that require resolution by the forum court. In briefing, defense counsel took the position that questions regarding the application of the UK Data Protection Act ("DPA") can only be decided by a British court. At oral argument, defense counsel persisted in arguing that it would be "absolutely inappropriate" for a U.S. court to enter an order construing the DPA in this case. This extreme position flies in the face of governing case law. *See, e.g., Richmark Corp. v.*

2

*Timber Falling Consultants*, 959 F.2d 1468, 1474 (9th Cir. 1992) ("it is well settled that such [foreign 'blocking'] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute."), *quoting Societe Nationale Industrielle Aerospatiale v. United States Dist. Court*, 482 U.S. 522, 544 n.29 (1987); *see also Columbia Pictures Indus. v. Bunnell*, 2007 WL 2080419, at *11-12 (C.D. Cal. May 29, 2007) (examining application of Netherlands' DPA to discovery dispute); *Int'l Med. Group, Inc. v. Essential Health, Ltd.*, 2010 WL 3169395, at *1 (S.D. Ind. July 16, 2010) (rejecting application of UK's DPA). Given the Court's concern that Defendants' assertion of such extreme discovery positions may be even further exacerbated if the depositions took place in the United Kingdom, the balance tips sharply toward ordering that the depositions be taken in the United States.

The Court therefore orders that the depositions go forward without further delay near defense counsel's offices in San Diego, California.[1] Plaintiffs shall pay for Defendants' reasonable travel expenses. All depositions shall be governed by the Federal Rules of Civil Procedure. During depositions, counsel may not instruct a deponent not to answer, except on the grounds of attorney-client privilege, work product privilege, the Fifth Amendment to the United States Constitution, or if the question calls for information specifically identifying an individual customer of Defendants'. Instructions not to answer may be subject to sanctions if such instructions are not substantially justified.

**II.   Responses to Plaintiffs' Request for Production Nos. 7, 9, 11, 27, 29, 30, 31 and 32**

Defendants shall provide copies of all responsive documents to Request for Production Nos. 7, 9, 11, 27, 29, 30, 31 and 32 by no later than June 23, 2011.

---

[1] Defense counsel's offices are in Oceanside, CA; he requested that the depositions take place in nearby San Diego. Plaintiffs had no objection.

Defendant David Compton asserts that he has a medical condition impacting his ability to travel to the United States for deposition. He submitted a letter from a doctor that is wholly lacking in detail, and appears designed to support Mr. Compton's subjective statement that he "currently feels he is not able to travel." Docket No. 54. Any future assertion of a medical condition by Mr. Compton must be accompanied by a detailed physician's letter and supporting medical records filed with this Court as well as served upon Plaintiffs. A delay in Mr. Compton's deposition for medical reasons shall result in a unilateral extension of discovery for Plaintiffs for the period of the delay.

Despite two opportunities to provide briefing to the Court, Plaintiffs failed to present any argument that they are entitled to production of personal information that identifies individuals who have used Defendants' websites.  Therefore, Defendants may redact the names and street addresses of individual customers, as well as the individual customers' bank account and credit card account information.  Defendants may not redact user names, or the portion of an individual's address that indicates city, county and/or country.  Defendants' production shall be accompanied by a privilege log that fully comports with this Court's standing order, as well as a redaction log.

**III.     Responses to Plaintiffs' Request for Production Nos. 1, 4, and 12**

Defendants claim they have no documents responsive to Request for Production Nos. 1, 4, and 12.  At oral argument, defense counsel made troubling representations about his clients' practice of disposing of certain kinds of documents.  It is unclear when such conduct occurred, and whether it was in violation of the parties' obligations regarding document preservation.  Therefore, by **no later than June 23, 2011**, each Defendant shall submit **a sworn, detailed declaration** providing the following information:

1. when the individual or entity became aware of Plaintiffs' lawsuit and how notification occurred;
2. what steps were taken by the individual or entity to preserve potentially relevant evidence and when the steps were taken;
3. identify each person whose files were searched for relevant evidence, and for each person, describe the types of relevant records in that person's possession (i.e. emails/electronically-stored information, hard copies of documents, etc.) and how the files are or were organized, stored, and maintained;
4. for each person whose files were searched for relevant evidence, describe the approximate number or size of relevant records;
5. what steps were taken by the individual or entity to gather documents responsive to discovery requests and when the steps were taken;
6. whether relevant information has been destroyed, and if so, describe the information as well as when and how it was destroyed and by whom; and

7. describe in detail the individual or entity's standard record retention/destruction policy(ies) and whether the policy(ies) was followed during the pendency of this litigation.

IT IS SO ORDERED.

Dated: June 14, 2011

_____
DONNA M. RYU
United States Magistrate Judge

5