<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

11 IO GROUP INC, et al.,                                       No. C-10-01282 MMC (DMR)

12          Plaintiffs,                          **ORDER RE JULY 6, 2011 JOINT DISCOVERY LETTER**

13      v.

14 GLBT LTD, et al.,

15          Defendants.

16 _____/

17       Before the Court is a joint discovery letter submitted by the parties on July 6, 2011.  [Docket

18 Nos. 65 ("Letter") and 65-1 ("Attachment").]  The Court ordered Defendant GLBT Ltd. to submit

19 additional information, which was filed on July 19, 2011. [Docket Nos. 68-1, 68-2, and 68-3

20 (collectively, "Plaintiffs' Interrogatory Responses").]  Having considered the letter brief and the

21 supplemental information, the Court finds that this matter is appropriate for determination without

22 oral argument pursuant to Civil Local Rule 7-1(b).  The Court hereby DENIES Defendant GLBT

23 Ltd.'s request for an order compelling further responses to discovery and DENIES Plaintiffs' request

24 for a protective order.

25 **I.      Background**

26       This is an action for alleged copyright and trademark infringement.  Plaintiffs Io Group, Inc.,

27 Channel One Releasing, Inc. and Liberty Media Holdings, LLC ("Plaintiffs") allege that Defendants

28 GLBT, Ltd. ("GLBT"), Mash and New, Ltd., Port 80, Ltd., Steven Compton, and David Compton

**United States District Court**

For the Northern District of California

1   operate websites from which members can upload and download erotic videos in a manner which

2   infringes upon Plaintiffs' copyrighted works and trademarks.

3          In the letter, Defendant GLBT seeks an order compelling Plaintiffs to provide additional

4   responses to interrogatories and document requests seeking information and documents regarding

5   Plaintiffs' damages.  Specifically, Defendant seeks information and documents regarding Plaintiffs'

6   profits and earned revenues, arguing that this information is relevant to the determination of

7   statutory damages.  Defendant also argues that Plaintiffs have waived any objections to the

8   interrogatories as they failed to assert specific objections to each of the interrogatories at issue.

9          Plaintiffs argue the requested information and documents are irrelevant to a determination of

10  either statutory or actual damages, and argue that there has been no waiver of objections to the

11  interrogatories, as they raised objections through general objections at the opening of their written

12  responses and during the meet and confer process.  Further, Plaintiffs argue that the information and

13  documents sought by Defendant is highly confidential and sensitive commercial information, and

14  that they are therefore entitled to a protective order shielding the information from discovery.

15  **II.     Discussion**

16         Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any

17  non-privileged matter that is relevant to any party's claim or defense. . . ."  Fed. R. Civ. P. 26(b)(1).

18  The Rules permit courts to order discovery of trade secrets or other confidential commercial

19  information in a manner that restricts disclosure, such as through a protective order, upon a showing

20  of good cause.  Fed. R. Civ. P. 26(c); *see Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D.

21  552, 554 (C.D. Cal. 2007).  The court must strike a balance between the discovery-seeking party's

22  entitlement to "all information reasonably calculated to lead to the discovery of admissible

23  evidence," and the divulging party's need for protection from "undue burden . . . , including

24  protection from misuse of trade secrets by competitors."  *Brown Bag Software v. Symantec Corp.*,

25  960 F.2d 1465, 1470 (9th Cir. 1992) (citations & quotation marks omitted).

26         Defendants seek further responses to Request for Production Nos. 16, 17, 18, 19, 22, 23 and

27  24 and Interrogatory Nos. 5, 6, 15, 16, and 17.  With respect to the document requests at issue,

28  Request Nos. 16, 17, 18, and 19 seek documents that support Plaintiffs' damages contentions and

**United States District Court**
For the Northern District of California

1   that "evidenc[e] the profitability of [Plaintiffs'] operations and of the items allegedly infringed," and

2   Request Nos. 23 and 24 seek documents "that establish any revenues earned by [Plaintiffs] in the

3   past five years" for those items allegedly infringed and for any of Plaintiffs' operations.  Plaintiffs

4   objected to six of the seven requests[1] at issue on the grounds that they "request[ed] irrelevant,

5   immaterial, or inadmissible information," and refused to produce any responsive documents.

6   [Docket No. 65-1 at 6-8.]  Defendant argues that Plaintiffs must "provide their accounts" for

7   Defendants' and their counsel's review.  (Letter at 6.)

8          The interrogatories seek information about the damages Plaintiffs have suffered as a result of

9   Defendants' alleged infringement.  Defendants argue that Plaintiffs' responses are insufficient, and

10  that Plaintiffs need to explain their contentions about damages "by reference to their profit margins,

11  and to include the profit margins for *all their works* and to include the profit margins for the alleged

12  infringed works."  (Letter at 3.) (emphasis added).  Plaintiffs did not assert specific objections to any

13  of the interrogatories propounded by Defendant, instead setting forth the following "preliminary

14  statement" preceding each Plaintiff's set of responses:

15              [i]n making these responses, Plaintiff does not concede that the
                information sought is relevant to the subject matter of this action or
16              reasonably calculated to lead to the discovery of admissible
                evidence. . . . Plaintiff's responses are made without, in any way,
17              intending to waive, but rather intending to preserve . . . [] [t]he right
                to assert in any subsequent proceeding . . . all questions of
18              foundation, relevancy, materiality, privilege, hearsay, and
                evidentiary admissibility of any responses provided herein.
19

20  (Plaintiffs' Interrogatory Responses at 2.)  Plaintiffs now argue that the requested information is

21  irrelevant to any issues in the litigation.

22          Normally, all grounds for objections to interrogatories must be stated with specificity or the

23  objection is waived.  *See* Fed. R. Civ. P. 33(b)(4); *see also Mancia v. Mayflower Textile Svcs. Co.*,

24  253 F.R.D. 354, 359 (D. Md. 2008).  However, for good cause, a court may excuse the failure to

25  make specific objections.  Fed. R. Civ. P. 33(b)(4).  Given the lack of relevance of the requested

26  _____

27      [1] Plaintiffs did not object to the seventh request (Request No. 22), seeking documents to
    support Plaintiffs' contention that Defendants have engaged in false accounting, but instead
    responded that Plaintiffs do not have responsive documents in their possession. [Docket No. 65-1 at
28  7-8.]

United States District Court

For the Northern District of California

1 information to "any party's claim or defense" in this matter, the Court declines to deem Plaintiffs'

2 relevancy objections to the interrogatories waived.

3      Defendant's arguments about the relevance of the requested information and documents are

4 limited solely their relevance to the issue of *statutory* damages.  However, it is not clear whether

5 Plaintiffs have already elected to seek a statutory damages award, or whether they still reserve the

6 right to seek an award of actual damages.  *See* 17 U.S.C. § 504 (c)(1) (a "copyright owner may elect,

7 at any time before final judgment is rendered, to recover, instead of actual damages and profits [of

8 the infringer], an award of statutory damages for all infringements involved in the action. . .")

9 Although Plaintiffs state in the letter that they seek an award of either actual damages or statutory

10 damages, their responses to Request for Production Nos. 16-19 indicate that they are seeking

11 "statutory, not actual damages."  (Attachment at 6-7.)

12      Regardless of whether Plaintiffs are seeking actual damages or statutory damages, Defendant

13 has offered no support for the position that profits for the alleged infringed works, let alone *all* of

14 Plaintiffs' works, as Defendant has requested, are relevant to a determination of either type of

15 damages.[2]  A district court has wide discretion in assessing statutory damages for copyright

16 infringement, and may consider such factors as

17      (1) the expenses saved and the profits reaped; (2) the revenues lost
     by the plaintiff; (3) the value of the copyright; (4) the deterrent effect

18      on others besides the defendant; (5) whether the defendant's conduct
     was innocent or willful; (6) whether a defendant has cooperated in

19      providing particular records from which to assess the value of the
     infringing material produced; and (7) the potential for discouraging

20      the defendant.

21 *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008).  "Notably, the factors include

22 the *profits reaped by defendant and the revenues lost by plaintiff, not the plaintiff's profits*."  *Apple,*

23 *Inc. v. Psystar Corp.*, 673 F. Supp. 2d 926, 928 (N.D. Cal. 2009) (emphasis in original) (denying

24 defendant's motion to compel production of profit information in copyright action).  Plaintiffs have

25 _____

26     [2] In fact, Defendant appears to concede as much with respect to statutory damages in the
joint letter, arguing that "[a]lthough it could be argued that Plaintiffs' *profits* are not relevant to an
award of statutory damages pursuant to the Copyright Act, the *revenues lost* to Plaintiffs certainly

27 are."  (Letter at 5.) (emphasis in original).  While it may be that some information about lost
revenues is relevant to the issue of statutory damages, none of the discovery at issue seeks

28 information about lost revenues.  *See* discussion *infra*.

**United States District Court**
For the Northern District of California

1  clarified that they are *not* seeking lost profits in this action.  (Letter at 9.)   Further, as the alleged

2  infringer, it is Defendant's profits related to the alleged infringed works, and not Plaintiffs', that are

3  relevant to the issue of actual damages.  *See* 17 U.S.C. § 504 (a) (a "copyright owner is entitled to

4  recover the actual damages suffered by him or her as a result of the infringement, and any *profits of*

5  *the infringer* that are attributable to the infringement. . .") (emphasis added).

6         Similarly, the documents requested by Request Nos. 23 and 24, evidencing "revenues

7  earned" by Plaintiffs in the past five years for alleged infringed items and for "any of [Plaintiffs']

8  operations," are not relevant to a determination of statutory or actual damages.  Although Defendant

9  repeatedly argues that it is entitled to discovery regarding Plaintiffs' "lost revenues," the requests as

10  phrased do not seek documents evidencing Plaintiffs' lost revenues.  They seek documents

11  evidencing revenues *earned* by Plaintiffs, which is not the same thing.  While the amount of

12  revenues lost by Plaintiffs as a result of infringement is relevant to the determination of actual

13  damages, and is one factor a court may consider in determining the amount of a statutory damages

14  award, *see Microsoft Corp*, 549 F. Supp. 2d at 1237, Defendant has made no showing that the

15  amount of revenues *earned* by Plaintiffs for any of its works is relevant to the issue of damages.

16  Therefore, Defendant's request for an order compelling further responses to discovery is DENIED.

17  Plaintiffs' request for a protective order regarding information its profits and earned revenues is

18  accordingly DENIED as moot.

19  **III.   Conclusion**

20         For the foregoing reasons, Defendant GLBT's request for an order compelling further

21  responses to discovery is DENIED, and Plaintiffs Io Group, Inc., Channel One Releasing, Inc., and

22  Liberty Media Holdings, LLC's request for a protective order is DENIED as moot.

23

24         IT IS SO ORDERED.

25  Dated: August 8, 2011

26         _____

27         DONNA M. RYU
           United States Magistrate Judge

28

