United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC., et al.,

        Plaintiff,

  v.

GLBT, LTD., et al.,

        Defendants.

_____/

No. C-10-1282 MMC

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

17    Before the Court is the "Motion for Temporary Restraining Order, Order for Seizure,

18 and Appointment of Receiver," which motion the Court has construed as a motion for a

19 preliminary injunction, filed August 11, 2011 by Plaintiffs IO Group, Inc., Channel One

20 Releasing, Inc., and Liberty Media Holdings, LLC ("Plaintiffs").  Defendants GLBT, Ltd.,

21 Mash and New, Ltd., Port 80, Ltd., Steven John Compton, and David Graham Compton

22 ("Defendants") have filed opposition, to which Plaintiffs have replied.  The matter came on

23 regularly for hearing August 29, 2011.  Marc John Randazza of Liberty Media Holdings,

24 LLC, and D. Gill Sperlein appeared on behalf of Plaintiffs.  Jonathan Capp appeared on

25 behalf of Defendants.  Having read and considered the papers filed in support of and in

26 opposition to the motion, and having considered the arguments of counsel, the Court rules

27 as follows.

28 //

1    Plaintiffs request that the Court use its equitable powers to issue an order to stop

2    Defendants from dissipating assets.  For the reasons stated at the hearing conducted

3    August 29, 2011, the Court finds Plaintiffs have demonstrated they have a likelihood of

4    success on the merits of their claims, they are likely to suffer irreparable harm in the

5    absence of the requested injunctive relief, the balance of equities tips sharply in their favor,

6    and the injunction is in the public interest.

7    Accordingly, Plaintiffs' Motion is hereby **GRANTED** in part as follows:

8    1.  The request to appoint a receiver is **GRANTED**.  Ann Bradley, whose business

9    address is Foley & Lardner LLP, 555 South Flower Street, Suite 3500, Los Angeles, CA

10   90071-2411 is **APPOINTED** as the Receiver.  The Receiver shall perform the following:

11   a.  The Receiver shall promptly file her oath of Receiver with the Court,

12   whereby she shall undertake fully and faithfully to perform her duties as Receiver;

13   b.  The Receiver is authorized to collect and take immediate possession and

14   control of the following domain name registrations:

15   Registered through Key-Systems GmbH

16   1.  Gayforit.com

17   2.  Jerkyourtube.com

18   3.  Gayforit.eu

19   4.  Jerkyourtube.eu

20   5.  Itsallgay.eu

21   Registered through Homestead Ltd., d/b/a namevault.com

22   1.  Itsallgay.com

23   and shall deliver a copy of this Order to Key-Systems GmbH and Homestead Ltd. and shall

24   take all necessary steps to assist Key-Systems GmbH and Homestead Ltd. in the transfer

25   of the domain name registrations into an account controlled by the Receiver.  Such

26   registrations must include the title to the domain name registrations and not simply control

27   of the WHOIS information;

28   //

2

c.  The Receiver shall act in accordance with and shall have all of the usual, necessary, and incidental powers of a receiver to maintain and preserve Defendants' domain name portfolio;

d.  Except as otherwise provided in this Order, the Receiver shall hold the domains in their current configuration unless the Court issues a further order to the Receiver;

e.  Discharge of the Receivership shall require a Court Order after a properly noticed motion approving the Receiver's Final Report and Accounting is filed with the Court and served on the Parties;

f.  The Receiver is directed to obtain a bond in the amount of $1,000.00 securing performance by the Receiver of the duties and obligations of her office of receivership.  The bond shall provide coverage to Plaintiffs and Defendants for loss due to acts of any agent, servant, or employee of the Receiver.  However, the Receiver shall not be personally liable for losses, provided that the Receiver has acted in good faith to perform her duties and has not committed gross negligence or other gross misconduct. The bond shall be submitted to the Clerk of the Court within 10 days of the date of this Order.  Given the limited nature of this injunction, no further bond is required.

2.  Defendants are **ORDERED** to comply with the following directives:

a.  Defendants shall instruct Key-Systems GmbH and Homestead Ltd. to transfer the six domain name registrations identified in ¶ 1.b above to an account controlled by the Receiver and take all necessary action to facilitate these transfers.  Such registrations must include the title to the domain name registrations and not simply control of the WHOIS information.

b.  Defendants shall take any and all steps necessary to effectuate the Receiver's compliance with this Order, including gathering domain name transfer codes for all six relevant domain names and communicating the codes to the Receiver.

c.  During the pendency of this action, if Defendants desire to change the records or nameservers that control where any such domain name points, they may file an

1 administrative motion requesting an order from the Court instructing the Receiver to make

2 the desired change.

3      3.  **IT IS FURTHER ORDERED** that Defendants are enjoined from:

4           a.  directing traffic away from any of the domains turned over to the control of

5 the Receiver;

6           b.  reorganizing the current websites to operate at any domain names other

7 than those turned over to the control of the Receiver, including, but not limited to,

8 registering or using domain names (in any TLD) corresponding to the terms "gayforit"

9 "jerkyourtube" or "itsallgay";

10          c.  taking any other action designed to transfer the value of the domain

11 names controlled by the Receiver to alternative domain names;

12          d.  taking any action to cause damage or harm to the assets transferred to the

13 Receiver; and

14          e.  taking any action in furtherance of dissipation of assets.

15     4.  **IT IS FURTHER ORDERED** that Plaintiffs shall advance to the Receiver fees

16 and costs associated with administration of the receivership estate, such fees and costs to

17 be recoverable pursuant to 17 U.S.C. § 505 and/or Civil Local Rule 54-3(f) if Plaintiffs

18 subsequently establish their entitlement thereto.

19     5.  **IT IS FURTHER ORDERED** that all persons receiving notice of this Order,

20 including without limitation all domain name registrars and all domain name registry

21 operators, shall comply promptly with the Receiver's directives as provided for in this Order,

22 including without limitation any directives by the Receiver to transfer any and all domain

23 names between registrants, or between registrars, or the reassignment of the registrant or

24 registrar of any domain names.  In the event that Defendants do not cooperate with the

25 portions of this Order compelling them to transfer the six domain names to the Receiver,

26 Verisign (operator of the .com registry) and EurID (operator of the .eu registry) shall

27 transfer the three domain names in each of their registries to the Receiver, with or without

28 the consent or cooperation of Defendants.

4

6.  This **ORDER** shall take effect immediately upon entry.

**IT IS SO ORDERED.**

Dated:  August 30, 2011

MAXINE M. CHESNEY
United States District Judge