**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., et al., | No. C-10-1282 MMC |
|     Plaintiff, | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ORDER FINDING DEFENDANTS IN CONTEMPT; VACATING OCTOBER 14, 2011 HEARING** |
|   v. | |
| GLBT, LTD., et al., | |
|     Defendants. | |

    Before the Court is plaintiffs IO Group, Inc., Channel One Releasing, Inc., and Liberty Media Holdings, LLC's (collectively, "plaintiffs") "Ex Parte Motion for an Order Finding Defendants in Contempt," filed September 12, 2011. Defendants GLBT, Ltd., Mash and New, Ltd., Port 80, Ltd., Steven John Compton, and David Graham Compton (collectively, "defendants"), although afforded an opportunity to respond thereto (see Order, filed September 16, 2011), have not filed opposition; rather, on September 20, 2011, defendants filed a "Notice" in which counsel of record for defendants states he has been instructed by defendants "to participate no further in this proceeding." (See Defs.' Notice, filed September 20, 2011.) Plaintiffs have filed a reply, in which, inter alia, they request the Court vacate the hearing and render its decision based on the moving papers.

    A finding of civil contempt may not be imposed without "notice and an opportunity to be heard." See United States v. Ayres, 166 F.3d 991, 995 (9th Cir. 1999.) Here, as noted,

defendants were afforded an opportunity to be heard, but affirmatively chose not to respond to the motion. Under such circumstances, the Court finds the matter suitable for decision on the parties' respective written submissions, and having read and considered said filings, hereby VACATES the hearing scheduled for October 14, 2011, and rules as follows.

Plaintiffs' motion is hereby GRANTED in part:

1. The Court finds plaintiffs have established, by clear and convincing evidence, that defendants are in contempt of the Court's order of August 30, 2011. Specifically, plaintiffs have submitted evidence sufficient to show defendants willfully failed to comply with the Court's directive that they "take any and all steps necessary to effectuate the Receiver's compliance with [the August 30, 2011 order], including gathering domain name transfer codes for all six relevant domain names and communicating the codes to the Receiver." (See Order, filed August 30, 2011, at 3:24-26.)[1]

2. As a sanction for the above-referenced contempt:

a. Defendants are fined, jointly and severally, the sum of $1000 per day, payable to the Clerk of the Court, beginning on the date of this order and continuing until such date as they comply with the Court's order that they transfer to the Receiver the following six domain names: gayforit.com, jerkyourtube.com, itsallgay.com, gayforit.eu, jerkyourtube.eu, and itsallgay.eu. If, as of October 18, 2011, defendants have complied therewith, defendants shall be purged of the fine that has accrued against them.

b. Defendants shall pay the attorney's fees and costs reasonably incurred by plaintiffs in filing the instant motion. See Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718 (1967) ("[I]n a civil contempt action occasioned by willful disobedience of

---

[1] To the extent plaintiffs argue defendants are in contempt for ceasing operation of the three .com domains, the Court disagrees. At the time the Court entered its August 30, 2011 order, it was known that defendants were operating their businesses through three .eu domain names, and were using the three .com domain names solely to direct traffic to the three .eu domain names. The August 30, 2011 order did not require defendants to continue to operate the three .com sites for the purpose of such direction, or for any other business purpose.

a court order an award of attorney's fees may be authorized as part of the fine to be levied on the defendant.")  Plaintiffs are directed to file, no later October 28, 2011, a memorandum and supporting declaration setting forth the fees and costs reasonably incurred in filing the instant motion.

3. Key-Systems, USA, Inc. shall, within the next thirty days, transfer the domain names gayforit.com, jerkyourtube.com, gayforit.eu, jerkyourtube.eu, and itsallgay.eu to the Receiver appointed pursuant to the Court's order of August 30, 2011.

4. When the Receiver obtains possession and control of the domain name registrations identified in the Court's August 30, 2011 order, or any of them, the Receiver shall promptly file a notice with the Clerk stating she has such possession and control.

In all other respects the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  October 12, 2011

_____
MAXINE M. CHESNEY
United States District Judge