D. GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

MARC JOHN RANDAZZA (269535)
RANDAZZA LEGAL GROUP
6525 Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662 (fax)
MJR@randazza.com

Attorneys for Plaintiffs,

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation, CHANNEL ONE RELEASING, Inc., a California corporation and LIBERTY MEDIA HOLDINGS, LLC., a California corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GLBT, Ltd., a British limited company, MASH and NEW, Ltd., a British limited company, PORT 80, Ltd., a company of unknown origin or structure, STEVEN JOHN COMPTON, an individual living in the United Kingdom, and DAVID GRAHAM COMPTON, an individual living in the United Kingdom.<br><br>    Defendants. | **CASE NO.: C-10-1282 (MMC)**<br><br>**PLAINTIFF'S OPPOSITION TO JONATHAN CAPP'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>Date: December 23, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor |

Jonathan Capp has filed a Motion to Withdraw as Counsel for all Defendants, including two individual defendants and three corporate defendants. (ECF 139).

To the extent that Jonathan Capp has moved to with draw as attorney of record for individual Defendants STEVEN JOHN COMPTON and DAVID GRAHAM COMPTON, Plaintiffs do not object, provided Mr. Capp continues to accept papers on their behalf through the electronic case filing system and forwards documents to the individual defendants.

With regard to the corporate defendants, Plaintiffs note that the Court previously informed the Defendants that corporate defendants may not appear in court without counsel, citing *United States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming entry of default judgment against corporation where corporation failed to retain counsel.) (ECF 130 at fn.1). In spite of the Court's admonition, Defendants have not notified the Court of substitute counsel. Moreover, Mr. Capp, in his sworn declaration stated that his clients know of and support his Motion to Withdraw in spite of the Court's admonition that it could enter default against unrepresented corporate defendants. Capp Declaration in Support of Motion to Withdraw at ¶¶ 2-4.

Accordingly, Plaintiffs do not oppose Mr. Capp's Motion to Withdraw as counsel for the corporate defendants, provided that concurrently with the order relieving Mr. Capp as attorney of record, the Court enters default against corporate defendants, GLBT, Ltd., MASH and NEW, Ltd., and PORT 80, Ltd. However, if the Court declines to enter default against the corporate defendants, Plaintiffs request that Mr. Capp remain as attorney of record unless substitute counsel is arranged in advance.

///

///

///

Furthermore, given the uncertainty created by this withdrawal, the Plaintiffs are unsure as to which parties will be subject to a Motion for Summary Judgment. In light of this open issue, Plaintiffs respectfully request a further extension of the time to file their Motion for Summary Judgment to thirty days from the date the Court issues an Order on the present Motion.

Respectfully submitted,

Dated: *November 15, 2011*      */s/ D. Gill Sperlein*
                                D. GILL SPERLEIN
                                THE LAW OFFICE OF D. GILL SPERLEIN
                                Attorneys for Plaintiffs

Dated: *November 15, 2011*      */s/ Marc Randazza*
                                Marc Randazza
                                General Counsel
                                Liberty Media Holdings, LLC
                                Attorneys for Plaintiffs