IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., et al., | No. C-10-1282 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS AGAINST DEFENDANTS JOHN COMPTON AND DAVID GRAHAM COMPTON; VACATING MARCH 30, 2012 HEARING** |
| v. | |
| GLBT, LTD., et al., | |
| Defendants. / | |

Before the Court is the "Motion for Summary Judgment against Defendants John Compton and David Graham Compton," filed February 3, 2012 by plaintiffs IO Group, Inc., Channel One Releasing, Inc., and Liberty Media Holdings, LLC. Defendants John Compton and David Graham Compton (collectively, "the Comptons") have not filed a response thereto. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for March 30, 2012, and hereby rules as follows.

In their motion, plaintiffs seek summary judgment in their favor on the issues of the Comptons' liability for direct copyright infringement, vicarious copyright infringement, and contributory copyright infringement.[1]

//

---

[1] Plaintiffs have not moved with respect to the issue of damages.

**A. Direct Copyright Infringement**

"To prove a claim of direct infringement, a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004), A copyright owner's exclusive rights under the Copyright Act include the right to display the copyrighted work publicly. See 17 U.S.C. § 106(5).

By order filed October 19, 2011, Magistrate Judge Donna Ryu found plaintiffs were entitled to the following rebuttable factual presumptions:  (1) "third parties posted material on Defendants' websites that infringed Plaintiffs' copyrights"; (2) "Plaintiffs submitted takedown notices to Defendants regarding the infringing material"; and (3) "Defendants did not take steps to remove Plaintiffs' infringing material from their websites." (See Order, filed October 19, 2011, at 12:25 - 13:2.)[2] In support of the instant motion, plaintiffs rely on said rebuttable factual presumptions.  No evidence has been offered to rebut said presumptions, and, consequently, the Court finds it is undisputed that the Comptons have directly infringed plaintiffs' copyrights by publicly displaying plaintiffs' copyrighted works on the Comptons' websites.

Accordingly, to the extent the motion seeks summary judgment on the issue of the Comptons' liability for direct copyright infringement, the motion will be granted.

**B. Vicarious Copyright Infringement**

"A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity." See Ellison, 357 F.3d at 1076 (internal quotation, citation, and emphasis omitted).

In his deposition, David Compton testified that the websites earn revenue by

---

[2]The reference to "Defendants" in Magistrate Judge Ryu's order includes the Comptons, as well as defendants who are not the subject of the instant motion for summary judgment (see id. at 2:2-7), and "Defendants' websites" is a reference to the three websites identified in plaintiffs' complaint (see id. at 2:5-7), specifically, gayforit.com, itsallgay.com, jerkyourtube.com (see Compl. ¶ 28).

charging users a flat fee, ranging from $17.99 to $29.99, to view the videos that are initially posted thereon by third parties. (See Sperlein Decl., filed August 11, 2011, Ex. B at 11-12.) David Compton also testified that he was able to remove content from videos posted by third parties, and, on some occasions, did so. (See id. Ex. B at 56.)  Additionally, as discussed above, the Comptons have failed to rebut the factual presumption that plaintiffs advised the Comptons of the infringing activity by third parties and that the Comptons thereafter did not remove the infringing material from the websites.  In light of the above-referenced undisputed facts, the Court finds the Comptons are vicariously liable for the infringing activity of the third parties who posted infringing videos on the websites, in that the Comptons earned revenue by charging users of their websites to view the infringing videos and they declined to remove the infringing material despite their right and ability to do so.

Accordingly, to the extent the motion seeks summary judgment on the issue of the Comptons' liability for vicarious copyright infringement, the motion will be granted.

**C.  Contributory Copyright Infringement**

"One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another may be liable as a contributory copyright infringer." Ellison, 357 F.3d at 1076 (internal quotation, citation, alteration and emphasis omitted).  A defendant who, knowing copyrighted material has been posted on its website, allows the infringing material to remain on its website and provides its users access to the copyrighted material is liable for contributory infringement. See id. at 1077-78.

As stated above, the Comptons have failed to rebut the factual presumptions that plaintiffs advised the Comptons of third parties' infringing activities, specifically, that third parties had posted infringing material on the Comptons' websites, and that the Comptons thereafter did not remove the infringing material.  Further, it is undisputed that the Comptons allowed users of its websites to view the material posted thereon.  In light of such undisputed evidence, the Court finds the Comptons are liable for contributory infringement.

Accordingly, to the extent the motion seeks summary judgment on the issue of the Comptons' liability for contributory copyright infringement, the motion will be granted.

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for summary judgment is hereby GRANTED, and plaintiffs are entitled to summary judgment in their favor and against the Comptons on the following issues: (1) the Comptons are liable for direct copyright infringement; (2) the Comptons are liable for vicarious copyright infringement; and (3) the Comptons are liable for contributory copyright infringement.

**IT IS SO ORDERED.**

Dated: March 26, 2012

MAXINE M. CHESNEY
United States District Judge