IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., et al., | No. C-10-1282 MMC |
| Plaintiff, | **ORDER AFFORDING PLAINTIFFS LEAVE TO SUPPLEMENT MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT; CONTINUING HEARING** |
| v. | |
| GLBT, LTD., et al., | |
| Defendants. / | |

Before the Court is plaintiffs' "Motion for Summary Judgment on Damages; and Motion for Default Judgment," filed August 3, 2012. None of the defendants has filed opposition. Having read and considered the papers filed in support of the motion, the Court, as discussed below, finds it appropriate to continue the hearing in order to afford plaintiffs the opportunity to supplement the motion.

Plaintiffs seek a monetary award based on both the "actual damages suffered by [each plaintiff] as a result of the infringement," specifically, the sales each plaintiff states it lost, and the "profits of [defendants] that are attributable to the infringement." See 17 U.S.C. § 504(b). The showing made by plaintiffs as to both their lost sales and defendants' profits, however, is insufficient to support the requests made.

First, with respect to lost sales, plaintiffs, relying primarily on admissions by defendants as to the number of times an infringing video has been viewed on defendants' websites,[1] calculate what they estimate to have been the total number of views of their

---

[1] With respect to any video for which defendants did not disclose the number of views, plaintiffs have set forth an estimate, such estimate apparently being based on the average number of views for the videos as to which a number was made available by defendants.

respective copyrighted works on the subject websites.  Plaintiffs next argue it is reasonable to assume that five percent of the above-described views represent lost sales, i.e., that customers would have paid plaintiffs for five percent of those views.[2]  In support of such argument, plaintiffs rely on three declarations, one from an officer of each plaintiff; each such declarant asserts what he believes the plaintiff would have made "if" five percent of those views been paid views on the plaintiff's website.  (See, e.g., Dunlap Decl. ¶ 8.)  Plaintiffs have not provided, however, any explanation for their five-percent estimate, nor have plaintiffs offered any evidence from which the Court itself could reasonably infer that five percent, or any other particular percent, of the views of videos on defendants' websites correspond to sales plaintiffs have lost.  Consequently, the showing made by plaintiffs, on the record presently before the Court, is insufficient to support plaintiffs' request for an award based on lost sales.

With respect to defendants' profits, plaintiffs rely on an admission by defendants, specifically, an admission as to the monthly revenue obtained by defendants by reason of monthly fees paid by persons to view videos on defendants' websites.  Plaintiffs then argue that the entirety of said revenue, which, by plaintiffs' calculation, totals $10,335,000, should be awarded to plaintiffs.  Plaintiffs have not shown, however, that the entirety of defendants' profits is attributable to defendants' infringement of plaintiffs' works, and, indeed, acknowledge in their complaint that defendants' websites display videos not copyrighted by plaintiffs.  (See Compl. ¶¶ 29, 37.)  Where "an infringer's profits are not entirely due to the infringement," the district court must "make some apportionment," see

---

[2] Plaintiffs state Io Group, Inc. lost sales revenue of $3,453,647, Channel One Releasing, Inc. lost sales revenue of $2,871,468, and Liberty Media Holdings, LLC lost sales revenue of $810,296; said figures appear to be projected gross revenues.  Although a plaintiff seeking lost profits ordinarily is entitled to recover its "net profits," a plaintiff may be awarded gross profits where the plaintiff's "operating expenses are fixed."  See Distillers Distributing Corp. v. J. C. Millett Co., 310 F.2d 162, 163-64 (9th Cir. 1963) (setting forth rule in context of breach of contract claim).  Here, according to plaintiffs, because "digital distribution systems are already in place," plaintiffs would not incur any "additional significant overhead expenses" in realizing the sales they contend were lost by reason of defendants' infringement.  (See Ruoff Decl. ¶ 11; Novinger Decl. ¶ 9; Dunlap Decl. ¶ 10.)

Cream Records, Inc. v. Jos. Schlitz Brewing Co., 754 F.2d 826, 828-29 (9th Cir. 1985) (internal citation and quotation omitted), specifically, a "reasonable approximation of the portion of [defendants'] profits due to the use of the infringing [material]," see id. at 829. Plaintiffs have not proposed any particular apportionment, nor have plaintiffs offered any evidence from which the Court itself could make an appropriate apportionment.[3] Consequently, the showing made by plaintiffs, on the record presently before the Court, is insufficient to support plaintiffs' request for an award based on defendants' profits.

Accordingly, plaintiffs will be afforded leave to file a supplemental brief and any additional available evidence to support plaintiffs' request for an award based on plaintiffs' lost sales and defendants' profits. In the event plaintiffs believe they are unable to cure the deficiencies identified above, and/or wish to provide an alternative proposed award, plaintiffs may include in their supplemental brief a request for an award of statutory damages and offer any support for the specific amount of statutory damages sought.

## CONCLUSION

For the reasons stated above:

1. No later than October 19, 2012, plaintiffs shall file and serve their supplement brief and any supporting evidence;

2. No later than November 2, 2012, defendants shall file and serve any opposition;

3. The hearing on the motion is hereby continued to November 16, 2012, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: September 28, 2012

MAXINE M. CHESNEY
United States District Judge

---

[3]Moreover, even assuming plaintiffs could show all of defendants' profits are attributable to defendants' infringement of plaintiffs' works, plaintiffs would not be entitled to an award based on all of defendants' profits in addition to an award based on all of plaintiffs' lost sales; "a plaintiff may not recover its full lost profits plus all of the defendant's profits, for this would constitute a forbidden double recovery." See Hamil America Inc. v. GFI, 193 F.3d 92, 108 n. 7 (2nd Cir. 1999).

3