IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., et al.,<br><br>    Plaintiff,<br><br>  v.<br><br>GLBT, LTD., et al.,<br><br>    Defendants.<br>_____ / | No. C-10-1282 MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT; VACATING NOVEMBER 30, 2012 HEARING** |

      Before the Court is plaintiffs' "Motion for Summary Judgment on Damages; and Motion for Default Judgment," filed August 3, 2012, as supplemented, with leave of court, on October 26, 2012. None of the defendants has filed opposition, either to the motion as initially filed or as supplemented. Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for determination on plaintiffs' written submissions, VACATES the hearing scheduled for November 30, 2012, and rules as follows.

      By order filed September 28, 2012, the Court found plaintiffs had not offered sufficient evidence to support their request for an award based on plaintiffs' actual losses or on defendants' profits, and afforded plaintiffs leave to supplement the motion to either offer additional evidence or argument to support said requests, or, alternatively, to request an award of statutory damages. In their supplemental showing, plaintiffs offer additional

evidence regarding their actual losses.[1]  In particular, plaintiffs offer evidence that, plaintiffs assert, establishes what a "willing buyer" reasonably would paid plaintiffs to license plaintiffs' copyrighted works.  See Jarvis v. K2 Inc., 486 F.3d 526, 533 (9th Cir. 2007) (holding, where "infringer could have bargained with the copyright owner to purchase the right to use the work, actual damages are what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' works"); see, e.g., Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 708-10 (9th Cir. 2004) (affirming, in copyright infringement action, damages award based on "hypothetical lost license fee" defendant would have paid to license plaintiff's copyrighted film).  The Court agrees.

Specifically, the Court finds plaintiffs have offered evidence, undisputed by any defendant, sufficient to establish each plaintiff's actual damages, i.e., the amount defendants reasonably would have been required to pay to publish plaintiffs' copyrighted works on defendants' websites.  In that regard, plaintiffs have shown that each plaintiff's actual damages are as follows:

(1) plaintiff Io Group, Inc.'s lost licensee fees total $3,214,657.46 (see Ruoff Decl. ¶¶ 8-11, Exs. A, B; Johnson Decl. ¶¶ 5-9; Dillon Decl. ¶¶ 3-7; Schut Decl. ¶¶ 3-7);

(2) plaintiff Channel One Releasing, Inc.'s lost licensee fees total $1,167,031.80 (see Novinger Decl. ¶¶ 5-8, Exs. A, B; Johnson Decl. ¶¶ 5-9; Dillon Decl. ¶¶ 3-7; Schut Decl. ¶¶ 3-7); and

(3) plaintiff Liberty Media Holdings, LLC's lost licensee fees total $981,553 (see Leonard Decl. ¶¶ 3-7; Johnson Decl. ¶¶ 5-9; Dillon Decl. ¶¶ 3-7; Schut Decl. ¶¶ 3-7).

Plaintiffs state they have "agreed between themselves that each [p]laintiff will be entitled to one third of the total judgment entered in this action," and request entry of a separate judgment for one third of the total judgment in favor of each plaintiff as against defendants.  (See Pls.' Supp. Mem., filed October 26, 2012, at 19:6-12.)  As set forth

---

[1] Plaintiffs have not offered any additional evidence that might enable the Court to apportion defendants' profits, and, accordingly, the Court, for the reasons stated in its order of September 28, 2012, will not award damages based on defendants' profits.

above, the total damages established by plaintiffs, collectively, are $5,363,242.26, and one third of said total is $1,787,747.42.

Accordingly, plaintiffs' motion will be granted, and each plaintiff will be awarded $1,787,747.42 against defendants.

## CONCLUSION

For the reasons stated above, plaintiffs' motion is hereby GRANTED, as follows:

1. plaintiff Io Group, Inc. shall have judgment in its favor in the amount of $1,787,747.42 against each defendant, jointly and severally;

2. plaintiff Channel One Releasing, Inc. shall have judgment in its favor in the amount of $1,787,747.42 against each defendant, jointly and severally; and

3. plaintiff Liberty Media Holdings, LLC shall have judgment in its favor in the amount of $1,787,747.42 against each defendant, jointly and severally.

**IT IS SO ORDERED.**

Dated: November 27, 2012

MAXINE M. CHESNEY
United States District Judge