D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California  94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiffs Io Group, Inc.
and Channel One Releasing, Inc.

MITCHELL J. LANGBERG (171912)
mlangberg@bhfs.com
LAURA E. BIELINSKI (264115)
lbielinski@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA  90067-3007
Telephone:  (310) 500-4600
Facsimile:  (310) 500-4602

Attorneys for Plaintiff Liberty Media Holdings, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation, CHANNEL ONE RELEASING, Inc., a California corporation and LIBERTY MEDIA HOLDINGS, LLC., a California corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>GLBT, Ltd., a British limited company, MASH and NEW, Ltd., a British limited company, PORT 80, Ltd., a company of unknown origin or structure, STEVEN JOHN COMPTON, an individual living in the United Kingdom, and DAVID GRAHAM COMPTON, an individual living in the United Kingdom.<br><br>    Defendants. | CASE NO.:  C-10-1282 (MMC)(DMR)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER DIRECTING RECEIVER TO LEVY UPON AND AUCTION THE DOMAIN NAME REGISTRATIONS HE CURRENTLY HOLDS**<br><br>**Date:  August 23, 2013**<br>**Time:  9:00 a.m.**<br>**CtRm:  7, 19th Fl.** |

TO: DEFENDANTS GLBT, LTD., MASH AND NEW, LTD, PORT 80, LTD, JOHN COMPTON AND DAVID GRAHAM COMPTON:

PLEASE TAKE NOTICE THAT ON August 23, 2013 at 9:00 a.m., or as soon thereafter as the matter maybe heard in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, Courtroom 7, 19th Floor, PLAINTIFFS IO GROUP, INC., CHANNEL ONE RELEASING, INC. and LIBERTY MEDIA HOLDINGS, LLC, will and hereby do move this Court for an Order directing the receiver to levy upon and auction the domain name registrations gayforit.com, itsallgay.com, and jerkyourtube.com with the proceeds being disbursed to Plaintiffs in satisfaction of the judgments previously entered in this action.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of D. Gill Sperlein, all matters of which this Court may take judicial notice, all pleadings and papers on file in this action, and upon such other evidence and argument as may be presented to the Court at the time of the hearing.

**PROCEDURAL AND FACTUAL HISTORY**

Plaintiffs an action for copyright infringement against Defendants for violations occurring by and through three websites the Defendants owned and operated- gayforit.com, itsallgay.com, and jerkyourtube.com (the domains).

Defendants initially defended against the action, but later stopped participating in the litigation. Before abandoning their defense, Defendants dissipated the sole assets they held in the United States by transferring the operation of the websites from US-based .com domains to European-based .eu domains. See, Plaintiff's Motion for Temporary Restraining Order, ECF No. 84, *in passim*. This Court entered a Preliminary Injunction finding that Plaintiffs' were likely to succeed on the merits and ordered the control of the registrations for all the websites to be turned

over to a Court-appointed receiver.  Order Granting in Part Plaintiffs' Motion for Preliminary Injunction, ECF No. 103.  Defendants ignored the Order, and have been accumulating contempt sanctions at the rate of $1,000 a day since October 12, 2011.  Order re Contempt, ECF No. 123.  Upon the Court's order, the domain name registry in the United States delivered the domain name registrations for the three U.S. domain names to the receiver, who currently holds the registrations.  Declaration of D. Gill Sperlein in Support of Motion for Order to Levy(Sperlein Decl.) at ¶3.  The .eu domain names remain in the control of the Defendants and they continue to operate their infringing websites at those domains.  *Id*. at ¶2.

The Court ordered default against the three business entity defendants and granted Plaintiffs' motion for summary judgment against the individual Defendants.  ECF No. 209.  The Court entered three judgments, one in favor of each Plaintiff and jointly and severally against all Defendants.   Each judgment is in the amount of one million, seven hundred eighty-seven thousand, seven hundred forty-seven dollars and forty-two cents.  ($1,787,747.42).   ECF Nos. 211-213.  Defendants did not appeal and have not made any payment on the judgments.  Sperlein Decl. at ¶4. Writs of execution have been issued on each of the three judgments.  ECF Nos. 225-227.

**RELIEF REQUESTED**

Plaintiff's request an order directing the Receiver in this action to auction the three domain name registrations he currently holds and to disburse the proceeds from the sale of the domain name registrations to the Plaintiffs in partial satisfaction of the judgments entered in this action.

**ARGUMENT**

"State law has been applied under Rule 69(a) to garnishment, mandamus, arrest, contempt of a party, and appointment of receivers," when such actions are undertaken in aid of executing on

a judgment.  *In re Merrill Lynch Relocation Mgmt., Inc.,* 812 F.2d 1116, 1120 (9th Cir.1987); *see also Edmonston v. Sisk,* 156 F.2d 300, 301 (10th Cir.1946) (applying Rule 69(a), and state law, to appointment of receiver in aid of an action for execution); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3012 at 148–49.

"Federal Rule of Civil Procedure 69 governs procedures on execution of a judgment and, for the most part, directs the district court to look to state rules."  *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010).

"Rule 66 governs the appointment of a receiver in federal court.  It provides: These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued.  But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule.  An action in which a receiver has been appointed may be dismissed only by court order."  *Id*. at 701.

The federal rules, including Rule 66, qualify as federal statutes under Rule 69(a). *Id*., citing *Bair v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 112 F.2d 247, 249–50 (9th Cir.1940).  "Therefore, Rule 66 prevails over any state law to the extent it applies."  *Id*.

*Office Depot* primarily addressed whether it was proper to appoint a receiver in a jurisdiction without personal jurisdiction over the defendant for the purpose of levying upon and auctioning domain name registrations to satisfy a judgment.  Here, the question of personal jurisdiction is not an issue as personal jurisdiction was established in the underlying litigation.  The only question then is whether it is proper for the receiver, who has already been appointed and who already holds in his possession the domain name registrations in question, to auction the domain name registrations and disburse the proceeds to the Plaintiffs in partial satisfaction of the

judgments. In accordance with the Ninth Circuit's disposition of the *Home Depot* case, the answer is clearly yes.

The Ninth Circuit wrote,

> "[W]e have already held that domain names are intangible property under California law. *Kremen v. Cohen,* 337 F.3d 1024, 1030 (9th Cir.2003). In *Palacio Del Mar Homeowners Ass'n, Inc. v. McMahon,* 174 Cal.App.4th 1386, 1391, 95 Cal.Rptr.3d 445 (2009), a California **\*702** Court of Appeal held that domain names do not constitute property subject to a turnover order because they cannot be taken into custody. The court in *Palacio Del Mar* based its holding on a reading of California Civil Procedure Code § 699.040, which provides that, with respect to a turnover order, property must "be levied upon by taking it into custody." However, the court left open the question whether domain names constitute intangible property generally, and it cited *Kremen* with approval. Moreover, the "taking it into custody" language in § 699.040 does not appear in § 708.620, which governs the appointment of receivers. We conclude that *Kremen* is still an accurate statement of California law, and that *domain names are intangible property subject to a writ of execution.*" *Id.* at 701-02, *emphasis added*.

There are a number of companies that enable owners of a domain name registrations to auction those registrations on line. Sperlein Decl. at ¶5. The auctions take place over a period of time, thereby allowing the domain name registration holder to obtain the highest price possible from potential domain name purchasers. *Id.*

In light of the fact that domain name registrations are intangible property subject to a writ of execution under California law, that the Court appointed receiver already holds the domain name registrations in his possession, and writs of execution have been issued, Plaintiffs request an order directing the receiver to auction the domain name registrations and apply the proceeds to the satisfaction of the three judgments issued in the underlying action.

Plaintiffs/Judgment Creditors request that they be permitted to make credit bids on the domain name registrations and that if a Judgment Creditor's bid is higher than any bid from a bona fide buyer, that the Judgment Creditor may take possession of the domain name registration

and the amount of the judgment in favor of that Plaintiff/Judgment Creditor shall be reduced by the amount of its credit bid.

Respectfully submitted,

Dated: *7/9/2013*  */s/ D. Gill Sperlein*
D. Gill Sperlein
The Law Offices of D. Gill Sperlein
Attorneys for Plaintiffs Io Group, Inc. and
Channel One Releasing, Inc.

Dated: *7/9/2013*  */s/ Laura Bielinski*
Laura Bielinski
Brownstein Hyatt Farber Schreck, LLP
Attorneys for Plaintiff Liberty Media Holdings, LLC

I obtained the assent of Laura Bielinski to file this document with her signature affixed.

Dated: *7/9/2013*  */s/ D. Gill Sperlein*
D. Gill Sperlein
The Law Offices of D. Gill Sperlein
Attorneys for Plaintiffs Io Group, Inc. and
Channel One Releasing, Inc.